### Ex parte KUSWESKI.

(District Court, N. D. New York. July 1, 1918.)

1. CONSTITUTIONAL LAW ⬧74—JUDICIAL POWER—SELECTIVE SERVICE ACT.
   The enforcement of Selective Service Act May 18, 1917, has been intrusted to the War Department, and the correction of questionnaires, in the absence of fraud, is not for the courts.

2. ARMY AND NAVY ⬧20—DRAFT—ALIENS—MILITARY SERVICE.
   Congress and the President, acting through the War Department, have not required that an alien shall be subject to military duty, although such person must register, where required by Selective Service Rules, § 53, and be classified as provided by rule 12, unless the right of exemption is waived.

3. HABEAS CORPUS ⬧3—DRAFT—CORRECTION OF QUESTIONNAIRES—APPEAL TO COURTS—REMEDY.
   Where a drafted person, claiming exemption as an alien, by mistake waived exemption in his questionnaire, he had a remedy by appeal to the local board for correction, under Selective Service Rules, § 99, and where, after notice of his classification under section 100 he, through ignorance, allowed himself to be inducted into service, he still has a remedy under section 139, by appeal to the commanding officer of the mobilization camp, and is not entitled to relief by habeas corpus.

Application for a writ of habeas corpus discharging the petitioner, Stanilaus Kusweski, otherwise known as Stanley Kusmersky, from the alleged custody of Local Draft Board No. 3, City of Syracuse, and that of the military officers having the custody and control of persons held for service under the Selective Draft Law. Writ dismissed, and petitioner remanded.

Wm. Ryan, of Syracuse, N. Y., for petitioner.

James C. Setright, of Syracuse, N. Y., for draft board and the United States.

---

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

251 F.—62

RAY, District Judge. The petitioner, Stanilaus Kusweski, alias Stanley Kusmersky, was born in Russian Poland, has been in the United States about seven years, has never taken any steps to secure naturalization, is 30 years of age, and resides within the jurisdiction, under the Selective Draft Law, of Local Board No. 3, city of Syracuse, N. Y. He was duly registered and called upon to fill out his "questionnaire." He states in his petition that he does not read or write English, and understands but little English. It also states that one Willcox made out his questionnaire, and that petitioner informed him he was not a citizen of the United States, but that the question or matter of claiming exemption on the ground that he was not a citizen of the United States was not explained to him, and that such, questionnaire was never read over to him; also that he did not intend to waive the exemption to which he was entitled on the ground he was not a citizen of the United States. In the questionnaire of petitioner it is stated that he is an alien and has not taken out any papers looking to naturalization, but to the question whether or not he claimed exemption on the ground of alienage the answer written in is "No." On the first page of the questionnaire is the usual waiver of exemption on such ground signed by the petitioner, but this is erased or canceled by pen and ink lines drawn through such waiver and the signature thereto. This erasure was made before the petitioner left the place where the questionnaire was filled out and signed. The petitioner has not applied to said local board, or to any board, for a correction of his questionnaire.

The petitioner was classified the same as a citizen of the United States, and in due time received an order from said local board having jurisdiction in the premises, inducting him into the military service and ordering him to report for immediate military service at the office of said board on the 23d day of June, 1918, and he did so report, but entered no complaint and made no claim to exemption. He was then notified by the local board to be ready to entrain for camp on the 24th day of June, 1918, at 2 o'clock p. m. On that day, instead of presenting himself for entrainment pursuant to said notice, with his attorney he went to the clerk of said local board and stated that he wished his case reopened, as he claimed and there and then reclaimed exemption from military service on the ground he was an alien. He was informed by the clerk that nothing could be done by reopening his case after receiving such order of induction; that it would be necessary for the petitioner to go to camp. The petition then states that the petitioner was informed by his attorney that under the Selective Service Act (Act May 18, 1917, c. 15, 40 Stat. 76) and the rules and regulations and all the circumstances connected with the making and signing of the said questionnaire he was not subject to the provisions of the act and was being unlawfully deprived of his liberty, and that relying on such information he did not go to camp June 24th, as directed. The petitioner denies any intent or purpose to evade military service, if lawfully subject thereto when his questionnaire is corrected and made to conform to his intent to claim exemption from military service on the ground he is an alien who has not taken first papers, and states his readiness to submit thereto,

if held subject to military service when his questionnaire is corrected. There is no allegation of fraud practiced to induce the answer referred to, or of a refusal of a hearing.

[1, 2] The enforcement of the Selective Service Act has not been intrusted to the Judicial Department of our government, or to the courts, but to the War Department. The correction of the questionnaires of registrants, in the absence of fraud, is not for the courts, but for that department of the government having charge of registrations, questionnaires, and exemptions, viz., the War Department. Section 53 of the Selective Service Regulations tells what persons are subject to registration, and states:

"Aliens who have not declared their intention to become citizens of the United States, and who have entered the United States for the first time since June 5, 1917, are *not* subject to registration."

But all other aliens who, June 5, 1917, had attained the age of 21, and had not attained the age of 31, are subject to registration, and this includes this petitioner, and he was required to fill out his questionnaire. Same section. All aliens (unless it be certain diplomatic and consular representatives) while living in the United States must obey its laws and owe to it a certain temporary and local allegiance. Carlisle v. United States, 16 Wall. 147, 21 L. Ed. 426; 2 Corpus Juris, 1074, 1046. Congress and the President, acting through the War Department, has not undertaken to say that an alien who has not taken any steps to become a citizen of the United States is subject to military duty in time of war. But rule XII of the Selective Service Regulations declares:

"In class V shall be placed any registrant found to be * * * (f) a resident alien (not an alien enemy) who has *not* declared his intention to become a citizen of the United States, unless such non declarant has stated in answer to question No. 2 of series VII of his questionnaire that he does not claim exemption on the ground of his alienage, in which case he shall be classified as though he were a citizen of the United States."

[3] This petitioner, an alien of full age who had not and has not filed his first papers, and who was duly and legally registered did state in answer to the question No. 2, referred to, that he did not claim exemption on the ground of his alienage, and hence the local board did right in classifying him as though he were a citizen of the United States. The local board did not fill out his questionnaire and was guilty of no fraud or illegal or improper act in so classifying him. The petitioner is presumed to have known the law, but claims, in substance, that he did not know what answer was written into his questionnaire, and that the effect of a negative answer was not explained to him. This is not alleged to have been the fault of the local board. In either event, as stated, no blame is attached to the local board. If later, or when called for induction, and before induction, he found he had made the wrong answer, or had acted in ignorance of his right, or had made an honest mistake, he had a remedy by appealing to the local board for correction. See section 99, S. S. R. He made no claim before or at that time and was duly inducted. This petitioner had notice of his classification under section 100, S.

S. R., but no complaint or request for correction was entered. That section reads as follows:

"Immediately upon the expiration of seven days after the mailing of the questionnaire and the giving of notice in respect of any registrant, as prescribed in section 92, the local board shall proceed to the classification of such registrant into one of the classes prescribed in part IV hereof.

"In every case where a questionnaire is returned by a registrant the local board shall classify the registrant and mail notice of classification not later than four days after the receipt of the questionnaire. This shall not affect the duty of local boards to proceed to classify in class 1 registrants failing to return their questionnaires within the prescribed time.

"If, upon examination, the local board finds that a questionnaire does not contain the information required, or contains substantial or material errors which indicate ignorance or lack of knowledge on the part of the registrant, or in case the local board shall desire further information, the board shall require the registrant to appear at a day to be fixed and complete the questionnaire or correct any substantial or material error which may appear therein, or to furnish such other evidence as the board may require. Failure on the part of the registrant to appear on or before the day set by the local board shall remove the right of the registrant to correct, modify, or add to his questionnaire."

Assuming that the petitioner acted in ignorance of his rights, and allowed himself to be inducted into the service through ignorance of his rights and duties, and for want of that information, which the one who filled his questionnaire ought to have given him, we have a case which can be corrected under the provisions of section 139 of the Selective Service Regulations, which reads as follows:

"There are a few cases where, even after all the ample notice provided by these regulations, the induction of a delinquent into military service under orders of the adjutant general of a state results in great hardship on men whose delinquency is not willful, or upon others dependent upon them for support: After induction into military service, local and district boards have no authority to discharge from draft, but the relief can be granted by the commanding officer of a mobilization camp. Such commanding officers are hereby authorized to order such discharges upon recommendation of adjutants general of states, made as hereinafter provided, and not otherwise.

"When such cases come to the attention of the adjutant general of a state, he may direct the local board to receive from the delinquent a questionnaire, across the front sheet of which shall be written by the local board in large characters, in red ink, the words 'Recommendation only.'

"The local board shall thereupon proceed to classify the registrant in the usual manner. The government appeal agent shall enter an appeal. The district board shall review the case and send the questionnaire showing final classification to the adjutant general of the state, who shall indorse thereon his recommendation and forward it to the commanding officer of the mobilization camp. Upon receipt of the questionnaire, the commanding officer of the mobilization camp may order the registrant discharged from military service for the convenience of the government.

"The questionnaire will be returned by the commanding officer to the local board.

"If discharged from military service, the registrant shall thereafter stand classified for service in accordance with the classification determined by the local and district board in all respects as though such classification had been made in the usual manner.

"*Important Note.*—This is the only case in which a case can be reopened by a local or district board after induction into military service."

If this petitioner did not intend to waive the exemption to which he was entitled as an alien friend, and in ignorance of his rights made

answer as he did, and thereafter in ignorance of his rights allowed himself to be actually inducted into the service, he is not without remedy, as under this last section he may have relief. It is not a case where no remedy is prescribed by the Department of War having jurisdiction in the first instance, and where an irreparable wrong is consequently being done, and an alien is being wrongfully deprived and restrained of his liberty and unjustly forced into the army. It seems to me clear that on proper representation and proof made to the adjutant general of the state through the proper channel, a new questionnaire may be filled out and submitted to the local board, whereupon it will again hear and pass upon the case, in view of all the facts presented. Then an appeal is taken to the district board, and its recommendation goes to the adjutant general, and thence to the commanding officer of the mobilization camp. This may be regarded as a somewhat cumbersome and long drawn out mode of procedure; but it is the mode prescribed in those "cases where, even after all the ample notice provided by these regulations the induction of a delinquent into military service under orders of the adjutant general of a state results in great hardship on men whose delinquency is not willful," etc. And I do not doubt that this petitioner may obtain such relief as he may show himself entitled to under section 99, S. S. R. There can be no doubt that the local board, if satisfied a prejudicial mistake has been made through ignorance or·fraud, may revoke its order for the induction of this petitioner into the service. The local and district boards are to consider claims for deferred classification only when presented within the time limits prescribed by the regulations, *except that they may extend the time for filing claims and proof* when a registrant—

"shall show to the satisfaction of the local or district board by affidavit evidence that the failure to make claims for deferred classification within the prescribed time limits was due to causes other than the fault or negligence of the claimant," etc.

The ignorance and consequent mistake of this petitioner cannot be said to be either his fault or negligence. Section 70, Selective Service Regulations, says:

"The *effect* of classification in class V *is to grant exemption or discharge from draft*. The term 'deferred classification,' as used in these regulations, is equivalent to the term 'temporary discharge.'"

We have already seen (rule 12, S. S. R., heretofore quoted) that this petitioner, if he had answered "Yes," instead of "No," to the question whether he claimed exemption on the ground of his alienage, would, if his alienage was established, have been placed in class V and exempted from the draft. He had the right to waive this exemption and classification. By the answer given he did waive it. The correctness, sincerity, and intelligence of that answer may be inquired into, undoubtedly, but by the boards and officers to whom that duty is confided, not by the courts, unless the boards and officers referred to act arbitrarily or corruptly, and contrary to the evidence presented, or refuse to act at all, when it is their duty to do so—that is, deny a hearing. Such a case is not presented.

There is considerable basis for the contention of this petitioner that he did not intentionally and knowingly, or even negligently, waive the classification and exemption to which an alien friend, who has made no declaration of intention to become a citizen of the United States, is entitled under the law. However, this claim, which presents a question of fact not presented to or passed upon by local or district boards, or the commandant of the proper camp, must be heard and decided by the proper authorities, on request or application duly made, not by the courts, unless a hearing by such authorities is arbitrarily denied. There can be no sound reason in the United States why a resident alien friend may not waive his exemption from military service and be inducted therein, and why such waiver knowingly executed should not be irrevocable, except in case the government to which he owes prior allegiance thereafter goes to war with the United States.

The writ issued must be dismissed, and the petitioner remanded. So ordered.