## McMAHAN v. HUNTER.
### No. 3975.

United States Court of Appeals
Tenth Circuit.
Jan. 4, 1950.

Charles E. Dierker, Oklahoma City, Okl., for appellant.

Eugene W. Davis, Assistant U. S. Attorney, Topeka. Kan., Col. Reginald C. Miller and Major Oliver R. Wells, Washington, D. C. (Lester Luther, United States Attorney, Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON, HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

The appellant, Robert W. McMahan, while stationed near Gabligen, Germany, with the United States Armed Forces, was charged under Articles of War 92 and 96,

662

10 U.S.C.A. §§ 1564, 1566, with rape and with wilfully applying to his own use, without proper authority, a truck, the property of the United States. He was tried and convicted before a Military Court-Martial of the crime of attempted rape, and was sentenced to a term of fifteen years. Later, the Commanding General, Headquarters XII, Tactical Air Command, on recommendation of the Judge Advocate General, reduced the sentence to ten years. Petitioner is now serving his sentence in the United States Federal Penitentiary at Leavenworth, Kansas.

On May 9, 1948, he filed his petition for a writ of habeas corpus against appellee, Walter A. Hunter, in the United States District Court for the District of Kansas, for release on the ground that the judgment of the court-martial was void and that, therefore, he was illegally restrained of his liberty by appellee. The basis for this contention was that the court-martial was illegally constituted and that he was denied his fundamental constitutional rights during the trial proceedings.

In view of the conclusions we have reached, it is not necessary to set out the basic facts upon which these contentions are predicated, and for the purpose of this

opinion it may be assumed that these allegations are meritorious and well founded.

Habeas corpus is an extraordinary writ. It constitutes a collateral attack upon a judgment and it is generally held that it may not be resorted to until all other available remedies for relief have been exhausted.[1] So one is likewise required to exhaust his remedy before a Board or a Commission before he may resort to the writ.[2] Article of War 53, 10 U.S.C.A. § 1525,[3] afforded the petitioner a remedy to challenge the legality of his detention. It enables a military prisoner to apply to the Judge Advocate General for relief and authorizes the Judge Advocate General for good reason, to grant a new trial, vacate the judgment, restore rights, privileges, and property affected by such sentence, etc. This is much broader relief than can be granted in a habeas corpus proceeding.

Article of War 53 went into effect February 1, 1949. As applied to persons convicted of offenses committed in World War II, an offender has one year from the date of the termination of the war, or within one year after final disposition of a case upon initial appellate review, whichever is later, to make his application. It thus ap-

1. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497.

2. U. S. v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917; Ex parte Kusweski, D.C., 251 F. 977.

3. The pertinent parts of Article of War 53, are as follows: "Under such regulations as the President may prescribe, the Judge Advocate General is authorized, upon application of an accused person, and upon good cause shown, in his discretion to grant a new trial, or to vacate a sentence, restore rights, privileges, and property affected by such sentence, and substitute for a dismissal, dishonorable discharge, or bad conduct discharge previously executed a form of discharge authorized for administrative issuance, in any court-martial case in which application is made within one year after final disposition of the case upon initial appellate review: Provided, That with regard to cases involving offenses committed during World War II, the applica-

tion for a new trial may be made within one year after termination of the war, or after its final disposition upon initial appellate review as herein provided, whichever is the later: Provided, That only one such application for a new trial may be entertained with regard to any one case: And provided further, That all action by the Judge Advocate General pursuant to this article, and all proceedings, findings, and sentences on new trials under this article, as approved, reviewed, or confirmed under articles 47, 48, 49, and 50, and all dismissals and discharges carried into execution pursuant to sentences adjudged on new trials and approved, reviewed, or confirmed, shall be final and conclusive and orders publishing the action of the Judge Advocate General or the proceedings on new trial and all action taken pursuant to such proceedings, shall be binding upon all departments, courts, agencies, and officers of the United States."

pears that this remedy is available to appellant. In Whelchel v. McDonald, 176 F.2d 260, the Fifth Circuit, under like facts, held that a war prisoner could not avail himself of the benefits of the writ of habeas corpus until he had exhausted his remedy under Article of War 53. We held to the same effect in a per curiam opinion in Spencer v. Hunter, 177 F.2d 370.

■ Appellant contends, however, that since the judgment in this case in the United States District Court was entered prior to the effective date of Article of War 53, it cannot retroactively be made to apply to him. However, in the early case of U. S. v. The Schooner Peggy, 1 Cranch 103, 2 L.Ed. 49, the Supreme Court held that where a rule of law was changed after the decision in the trial court but before the decision in the Appellate Court, the decision in the Appellate Court must be according to the new law.[4]

On October 10, 1949, the Supreme Court denied the petition for certiorari in seven cases (70 S.Ct. 37–50), all filed against Joseph E. Ragen, a warden of an Illinois penal institution, without consideration of the question presented therein and without prejudice to the right of the petitioners to institute proceedings in the state court under the new act passed by the State of Illinois, entitled: "An Act to provide a remedy for persons convicted and imprisoned in the penitentiary, who assert that rights guaranteed them by the Constitution of the United States or the State of Illinois, or both, have been denied or violated, in proceedings in which they were convicted." Smith-Hurd Stats. c. 38, § 826 et seq. In six of these seven cases, the petition for certiorari had been filed in the Supreme Court prior to the passage of the new Illinois Statute. Thus, the Supreme Court, in effect, held that petitioners were required to exhaust their remedies under the new Statute notwithstanding that it

had been passed after their petitions for certiorari were lodged in the Supreme Court.

■ We, accordingly, conclude that appellant must first exhaust his remedies under Article of War 53 before he may raise these questions in a Federal District Court, or in this case, on appeal to this court.

Neither is it an answer to say that the court-martial lacked jurisdiction of petitioner's case or of petitioner. That is one of the grounds that petitioner could assert before the Judge Advocate General under new Article of War 53. The Judge Advocate General has jurisdiction under the Article to determine whether the court-martial which tried petitioner had jurisdiction of the cause of action or of the petitioner. There can be no doubt that a ruling on this question by the Judge Advocate General, adverse to petitioner's contention, would be subject to review.

Finally, it is contended that the provision of Article 53 which makes the judgment and findings of the Judge Advocate General binding upon all departments, courts, agencies, and officers of the United States, is void because it attempts to deprive the courts of jurisdiction to review the same. It is not necessary to the disposal of this appeal to pass upon that question and we express no opinion thereon. There will be time enough to meet and answer that question when it is necessarily involved in an appeal before the court.[5]

Since petitioner has failed to exhaust his remedy under Article of War 53, the court's judgment in denying him any relief and dismissing the writ, is correct, and the judgment is affirmed without prejudice to his rights to file a new application for the writ or habeas corpus, after having complied with the requirements of Article of War 53.

4. To the same effect, see Gulf, Colo. & Santa Fe Ry. Co. v. Dennis, 224 U.S. 503, 506, 32 S.Ct. 542, 56 L.Ed. 860; Duplex Printing Press Co. v. Deering, 254 U.S. 443, 464, 41 S.Ct. 172, 65 L.Ed. 349, 16 A.L.R. 196; Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327.

5. See U. S. v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917.