**HUNTER, Warden v. BEETS.**

No. 3886.

United States Court of Appeals
Tenth Circuit.

Feb. 2, 1950.

Writ of Certiorari Denied May 29, 1950.
See 70 S.Ct. 997.

102

Reginald C. Miller, Lieutenant Colonel, JAGC, Washington, D. C. (Oliver R. Wells, Lieutenant Colonel, JAGC, Washington, D. C., Lester Luther, United States Attorney, and Eugene W. Davis, Assistant United States Attorney, Topeka, Kan., on the brief), for appellant.

Howard F. McCue, Topeka, Kan. (Roy N. McCue, Walt Allen and Leslie Pain Chickasha, Okl., on the brief) for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Ben L. Beets, hereinafter referred to as petitioner, was a member of the armed forces of the United States. While serving in Germany, he was charged with the crime of rape. Tried before a general court-martial, he was found guilty and sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for the balance of his natural life. The period of confinement was subsequently reduced to eighteen years. Confined in the federal penitentiary at Leavenworth, Kansas, serving the sentence, petitioner instituted in the United States Court for Kansas this proceeding in habeas corpus in which he challenged the validity of the sentence of the court-martial. The warden responded, evidence was adduced at the trial, and judgment was entered discharging petitioner from custody, 75 F. Supp. 825. The warden appealed.

■ The amended Articles of War went into effect on February 1, 1949. Article 53, as amended, 62 Stat. 639, 10 U.S.C.A. § 1525, makes provisions for the granting of a new trial or the vacating of a sentence of a court-martial. It provides that application for such corrective relief shall be made within one year after final disposition of the case upon initial appellate review. And it further provides that in cases involving offenses committed during World War II, the application may be made within one year after termination of the war, or within one year after final disposition of the case upon initial appellate review, whichever is later. Ordinarily, the exhaustion of that administrative remedy is a prerequisite to the right of a person in custody under conviction by a court-martial to be heard in habeas corpus. McMahan v. Hunter, 10 Cir., 179 F.2d 661.

■ That administrative remedy has been available to petitioner at all times since the amended Articles of War became effective, and it has not been invoked. But it is argued that petitioner should not be compelled to exhaust such remedy for the reason that the judgment discharging him from custody was entered before the amended Articles of War went into effect and that Article 53 cannot apply retroactively to him. The contention is not well-founded. Even though the post-conviction administrative remedy contained in Article 53 became effective after entry of the judg-

ment in the district court, the exhaustion of that remedy is a prerequisite in a case of this kind to the right to final discharge in habeas corpus. McMahan v. Hunter, supra.

The judgment is reversed and the cause remanded with directions to restore petitioner to the custody of the warden, without prejudice to the right of petitioner to proceed under Article of War 53, and without prejudice to his right, if any exists, to institute a proceeding in habeas corpus after the exhaustion of the administrative remedy provided in Article 53.