Eugene DUPREE

v.

Capt. John H. BYRD, Captain of the Port, United States Coast Guard, Commander John Ulery, Shipping Commissioner, United States Coast Guard, and Commander Donald Gunn, Steamboat Inspector, United States Coast Guard.

No. 15653.

United States District Court
E. D. Pennsylvania.

Sept. 3, 1954.

William J. Woolston, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Philadelphia, Pa., Asst. Atty. Gen., Warren E. Burger, Edward H. Hickey, Dept. of Justice, Donald B. MacGuineas, Dept. of Justice, Washington, D. C., for defendants.

FOLLMER, District Judge.

This is an action by a licensed master and radio operator of a merchant vessel who was denied security clearance by the Commandant of the Coast Guard under the Magnuson Act, Act of August 9, 1950, 64 Stat. 427, 50 U.S.C.A. § 191, and Executive Order 10173, October 18, 1950,

15 F.R. 7005, U.S.Code Cong.Service 1950, p. 1661, and regulations issued by the Coast Guard pursuant thereto (33 C.F.R. Parts 6, 121) against officials of the Coast Guard stationed at the Port of Philadelphia. Plaintiff seeks an injunction against defendants' refusal to issue security clearance to him, claiming that the Magnuson Act, the Executive Order, and Coast Guard Regulations issued thereunder are an unconstitutional delegation of legislative authority and a denial of due process to plaintiff.

The Complaint which was filed August 7, 1953, alleges, inter alia:

That on July 29, 1953, plaintiff made application for employment as master of vessel to be operated by the Atlantic Refining Company.

That on the same day plaintiff was advised that he could not be thus employed and permitted to ship unless and until he received a security clearance from the United States Coast Guard.

That on July 30, 1953, at the Philadelphia office of the United States Coast Guard, plaintiff sought permission from the Shipping Commissioner to ship as master for Atlantic Refining Company without having received security clearance from the said Coast Guard, when he was advised that a clearance certificate was essential prior to shipping.

That on August 3, 1953, the Shipping Commissioner addressed a letter to plaintiff's attorney stating, inter alia, that on May 23, 1951, plaintiff had been refused a clearance certificate, and that the statement of reasons for such refusal of that date would be given to plaintiff upon application to the Shipping Commissioner.

That from the refusal of May 23, 1951, plaintiff had appealed to local, area and National Appeal Board, and on July 14, 1953, plaintiff was notified that upon review of his case the Commandant of the United States Coast Guard was satisfied that reasonable grounds existed for the retention of plaintiff's classification as a poor security risk.

That on August 6, 1953, plaintiff applied to the Shipping Commissioner for statement of reasons for refusal of security clearance and was advised by the Commissioner that the only statement available was the same statement which plaintiff had received on May 23, 1951.

Defendants did not answer the Complaint, but on December 4, 1953, filed a Motion for Summary Judgment on the following grounds:

"1. There is no genuine issue as to any material fact and defendants are entitled to a judgment as a matter of law.

"2. The Court has no jurisdiction to grant any relief to plaintiff because he has failed to exhaust his administrative remedy provided by the amended regulations issued on October 27, 1953, by the United States Coast Guard pursuant to the Act of August 9, 1950 (64 Stat. 427, 50 U.S.C. 191) (18 F.R. 6941)."

On December 14, 1953, plaintiff filed a paper captioned "Motion of Plaintiff for Summary Judgment." This paper sets forth the following:

"1. The defendants have filed a Motion for Summary Judgment.

"2. Defendant's Motion for Summary Judgment states that there are no genuine issues as to any material fact.

"3. The plaintiff has exhausted his administrative remedy by his repeated attempts and the Government's repeated refusals to grant him a more particular charge.

"4. The Court is respectfully referred to the affidavit attached hereto which sets forth plaintiff's repeated attempts and the Government's repeated refusals."

Although this paper is completely motionless, it was taken and construed as a Motion for Summary Judgment at the argument and will be so considered here.

On October 27, 1953, the Coast Guard amended its regulations under the Magnuson Act to provide that any person who had previously been denied security

clearance might file a new administrative appeal within 60 days from November 3, 1953, in which event he would be given a written notification stating:

"(i) The basis for the action in the form of a written statement or bill of particulars setting forth the alleged acts, or associations, or beliefs, or other data which formed the basis for the determination that the appellant is a poor security risk or is not entitled to security clearance. This statement or bill of particulars shall not be worded with such particularity or specificity as to disclose the source of such information or data, nor the identity of any person or persons who may have furnished such information or data, * * *." (Vol. 18, Number 215, F.R., Pages 6941–6942).

The 60 day limitation from November 3, 1953, provided by the amended regulations would have expired January 2, 1954.

 While, of course, plaintiff was charged with knowledge of the amended regulation, it having the force and effect of law,[1] actually by defendants' Motion for Summary Judgment the amended regulations were specifically called to his attention.

Plaintiff, however, argues that

(a) "The new regulation dated October 27, 1953 does not give a person denied security clearance a right to be given details of the charge which will disclose the source of such information or data or the identity of any person or persons who may have furnished the information or data.

(b) "The amended regulation, therefore, does not grant to appellant any new or additional remedy because he has already sought the additional detail and has been denied the same because of security regulations, which reason for denial continues to exist under the new regulation."

(c) That it would be "futile for the plaintiff to be again required to undergo administrative hearings."

It would therefore seem that plaintiff actually knew of the amended regulation and the right of appeal afforded to him thereunder but concluded because of his past lack of success in getting the information he desired, an appeal under the amended regulation would be futile.

 In view of the fact that the regulations were amended to meet the lack of due process objection found thereto by Judge Murphy in Parker v. Lester, D.C.N.D.Cal., 112 F.Supp. 433, and which covered the precise situation involved in the instant case, I feel that plaintiff by his informed and deliberate refusal to comply therewith has deprived himself of the right to the relief he now seeks. Plaintiff was required to exhaust his remedy under the amended regulations notwithstanding that they were issued after the filing of the Complaint in the instant action.[2] He was not justified in assuming that the Coast Guard would not comply with the amended regulations and furnish the information in manner and form as prescribed therein.

Plaintiff's allegation that the refusal to give him a security clearance is a violation of the Constitution and laws of the United States was completely negated in the very able and exhaustive opinion of Judge Murphy in Parker v. Lester, supra, with which I am in complete accord.

Consequently, because of plaintiff's failure to exhaust his administrative remedy under the revised Coast Guard Regulations of October 27, 1953, the Complaint will be dismissed.

1. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10.

2. McMahan v. Hunter, 10 Cir., 179 F.2d 661, 663.