Kethel OSBORNE, Appellant,

v.

E. B. SWOPE, Warden, United States Penitentiary, Alcatraz, California, Appellee.

No. 14697.

United States Court of Appeals Ninth Circuit.

Oct. 27, 1955.

Kethel Osborne, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges

DENMAN, Chief Judge.

Osborne, a negro, convicted by a court martial of crimes while a member of the United States Army, and presently a prisoner at the federal penitentiary at Alcatraz, California, appeals from the denial of his application for a writ of habeas corpus by the United States District Court.

The application alleges he had exhausted his administrative remedies in the military practice and therefore he is entitled to have considered his contention that he had been tried by a general court martial, a member of which previous to the trial had "threatened" Osborne, "promising to find him guilty, irrespective of the evidence", and hence he has been denied due process and the military court was without jurisdiction to try him. Johnson v. Zerbst, 1937, 304 U.S. 458, 467–468, 58 S.Ct. 1019, 82 L.Ed. 1461.

One of Osborne's administrative remedies is the right to seek a new trial within a year after the judgment of the court martial. Article 73 of the Uniform Code of Military Justice, 50 U.S.C.A. § 660. The statute provides, so far as pertinent:

"At any time *within one year* after approval by the convening authority of a court-martial sentence which extends to * * * confinement for one year or more, the accused may petition The Judge Advocate General for a new trial on grounds of newly discovered evidence or *fraud on the court.* * *" (Emphasis supplied.)

Obviously the participation of such a prejudiced officer is a "fraud on the court". His sentence was for more than a year and the question is, whether Os-

borne is in a position to urge it in a habeas corpus proceeding in a civil court.

Osborne admits he did not petition the Judge Advocate General for such a new trial. In effect his contention is that he can seek it now.

We do not agree. The Supreme Court, in Gusik v. Schilder, 1950, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146, a habeas corpus proceeding like the instant case, in which the military criminal procedure is likened to that procedure in the state courts, holds that a convicted soldier must apply for a new trial under Article 73 before he may apply to a federal court for habeas corpus. In its opinion the court states, 340 U.S. at page 131, 71 S. Ct. at page 151:

"An analogy is a petition for habeas corpus in the federal court challenging the jurisdiction of a state court. If the state procedure provides a remedy, which though available has not been exhausted, the federal courts will not interfere."

Since the District Court lacked the power to entertain the application for the writ of habeas corpus, its decision denying it is affirmed.