**Floyd J. OSBORN, Appellant,**

v.

**Edwin B. SWOPE, Warden of the United States penitentiary at Alcatraz, California, Appellee.**

**No. 14849.**

United States Court of Appeals Ninth Circuit.

Feb. 10, 1956.

Floyd J. Osborn, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, POPE and FEE, Circuit Judges.

PER CURIAM.

On November 17, 1954, appellant, an inmate of the United States penitentiary

at Alcatraz, California, petitioned the United States District Court for the Northern District of California for a writ of habeas corpus directed to the warden of the penitentiary. The District Court did not issue any writ or any order to show cause or conduct any hearing, but, on reading and considering the petition, filed an opinion [1] and entered an order denying the petition. This appeal is from that order.

■■ It appeared from the petition that appellant was charged with having committed a murder (a violation of Article 92 of the former Articles of War, 10 U.S.C.A. § 1564, 41 Stat. 805)[2] on May 2, 1947, and while subject to military law; that he was tried by a general court-martial, which found him guilty as charged and sentenced him to be imprisoned for life; that he was accordingly imprisoned at Leavenworth, Kansas, and, later, at Alcatraz, California; and that two previous petitions of his for writs of habeas corpus had been denied.[3]

As stated above, it appeared from the petition in this case that the offense of which appellant was found guilty was committed on May 2, 1947. It thus ap-

1. The District Court's opinion was as follows:

"Petitioner [appellant], who is confined at Alcatraz Penitentiary pursuant to a judgment and sentence of a general court-martial, seeks a writ of habeas corpus on the following grounds: . (1) that the prosecution knowingly used perjured testimony against him; (2) that essential witnesses for his defense were wilfully transferred so that they would be unavailable to petitioner; (3) that the pre-trial investigating officer did not conduct the impartial investigation required by the former 70th Article of War [10 U.S.C.A. § 1542]; (4) that counsel for petitioner was denied sufficient time to prepare the defense.

"A previous application to this court for the writ was denied on June 16, 1954, Civil No. 33432. This prior application sought relief on a ground not asserted in the present petition. However, included in the file on the prior proceeding is a certified copy of an order of the United States District Court for the District of Kansas discharging a writ of habeas corpus granted petitioner while he was confined at Leavenworth Penitentiary. It appears from this order that the Kansas court conducted a full hearing respecting the regularity and propriety of petitioner's court-martial. The Kansas court states in the order that:

" 'It is petitioner's contention that he was not given a fair and impartial trial, that evidence favorable to him was criminally repressed by the prosecution, and that he was convicted by means of false testimony obtained through coercion and duress from witnesses who formerly had been held as suspects in return for absolution. On behalf of respondent [warden of the United States penitentiary at Leavenworth, Kansas] the complete record of the court-martial was introduced and received in evidence, and from all of the evidence, including the testimony of the petitioner, the court makes the following finding: * * * The court further finds that the charges were properly sworn to, investigated by a military investigating officer and referred for trial before a general court-martial by the Commanding General of the Fifth Army. * * * The court further finds from the evidence that the petitioner was not convicted through the use of false testimony obtained through coercion or duress or by evidence unlawfully obtained or used by prosecuting authorities; on the contrary, the court finds that petitioner was convicted by a general court-martial, legally convened, at a trial in which he was not denied any of his legal or constitutional rights; that the trial was proper and regular in all respects and that the sentence imposed, being within the limits authorized by law for the offense of which the petitioner was found guilty, is valid and binding.'

"Although petitioner asserts in the present petition that the questions raised before the Kansas court were dissimilar to the contentions raised here, he sets forth no facts which would indicate that they were in fact any different, or if so, any reason why such questions were not or could not have been presented to the Kansas court." See 28 U.S.C.A. § 2244.

2. Article 92 of the former Articles of War, 10 U.S.C.A. § 1564, 41 Stat. 805, was in effect at the time of the commission of the offense of which appellant was found guilty and at the time of his trial and sentence. We are not here concerned with its subsequent amendment, 62 Stat. 640 or with its repeal, 64 Stat. 147.

3. See footnote 1.

peared that the offense was committed during World War II.[4] Therefore the remedy afforded by Article 53 of the former Articles of War, 10 U.S.C.A. § 1525, 62 Stat. 639,[5] was available to appellant from February 1, 1949, to May 31, 1951.[6] However, it did not appear from the petition that appellant had availed himself of that remedy. Much less did it appear that he had exhausted it. It therefore did not appear that he was entitled to a writ of habeas corpus, or that the District Court had jurisdiction to grant him such a writ.[7] Since the remedy mentioned above is no longer available to appellant, a remand or continuance of this case to permit him to exhaust that remedy[8] would be futile.

For the reasons we have stated and for those stated in the District Court's opinion,[9] the order appealed from is affirmed.

4. See Joint Resolution December 11, 1941, 55 Stat. 796, Joint Resolution October 19, 1951, 65 Stat. 451, Proclamation No. 2950, October 25, 1951, 66 Stat. c3, and Note V, preceding 50 U.S.C.A.Appendix, § 1.

5. Article 53 of the former Articles of War, 10 U.S.C.A. § 1525, 62 Stat. 639, provided: "Under such regulations as the President may prescribe, the Judge Advocate General is authorized, upon application of an accused person, and upon good cause shown, in his discretion to grant a new trial, or to vacate a sentence, * * * in any court-martial case in which application is made within one year after final disposition of the case upon initial appellate review: Provided, That with regard to cases involving offenses committed during World War II, the application for a new trial may be made within one year after termination of the war, or after its final disposition upon initial appellate review as herein provided, whichever is the later: * * *."

6. Article 53 of the former Articles of War, 10 U.S.C.A. § 1525, 62 Stat. 639, became effective on February 1, 1949, and remained in effect until May 31, 1951, when it was superseded by Article 73 of the Uniform Code of Military Justice, 50 U.S.C.A. § 660, 64 Stat. 132.

7. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146; Whelchel v. McDonald, 5 Cir., 176 F.2d 260; Spencer v. Hunter, 10 Cir., 177 F.2d 370; McMahan v. Hunter, 10 Cir., 179 F.2d 661; Simmons v. Hunter, 10 Cir., 179 F.2d 664; Hiatt v. Burchfield, 5 Cir., 179 F.2d 679; Hiatt v. Fugate, 5 Cir., 179 F.2d 679; Hiatt v. Jackson, 5 Cir., 179 F.2d 680; Hunter v. Beets, 10 Cir., 180 F.2d 101; United States ex rel. Giese v. Chamberlin, 7 Cir., 184 F.2d 404. See also Osborne v. Swope, 9 Cir., 226 F.2d 908, involving Article 73 of the Uniform Code of Military Justice, 50 U.S.C.A. § 660, 64 Stat. 132.

8. Cf. Gusik v. Schilder, supra.

9. See footnote 1.