John LEE, Petitioner,

v.

Paul J. MADIGAN, the Warden, or his successor, Federal Penitentiary, Alcatraz Island, California, Respondent.

No. 35907.

United States District Court
N. D. California, S. D.
Jan. 23, 1957.

Charles Upton Shreve, Carl L. Rhoads, Detroit, Mich., Robert E. Hannon, Castro Valley, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., by Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for respondent.

**24**

HARRIS, District Judge.

Petitioner, serving a life sentence in the federal penitentiary at Alcatraz, California, for murder committed in the Camp Cooke Disciplinary Barracks in 1949, seeks his release by means of a writ of habeas corpus. He contends that the general court martial which convicted him of the offense charged under Article 92 of the Articles of War, 10 U.S.C.A. § 1564,* lacked jurisdiction. On June 12, 1947, he had received his dishonorable discharge from the Army. Petitioner was serving a 20-year sentence at the said barracks for the crime of armed robbery committed as a member of the United States Army while stationed overseas in France.

Petitioner relies on two bases for challenging the authority of the general court martial to proceed against him. First, he alleges that he was a civilian, —having been dishonorably discharged; second, that he committed the crime in time of peace and hence was entitled to a trial by the civilian authorities.

█ Petitioner was subject to general court martial jurisdiction insofar as his status as a civilian was concerned. Article of War 2, 10 U.S.C.A. § 1473;** In re Craig, C.C., 70 F. 969; Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469; McDonald v. Lee, 5 Cir., 217 F.2d 619. As stated by the Supreme Court in the Kahn case, 255 U.S. at page 7, 41 S.Ct. at page 225: " * * * we are of opinion that even if their discharge as soldiers had resulted from the previous sentences which they were serving, it would be here immaterial, since as they remained military prisoners they were for that reason subject to military law and trial by court-martial for offenses committed during such imprisonment."

█ Petitioner's second point, namely, that he committed the offense "in time of peace," has been decided adversely by several courts, including the Ninth Circuit in the recent case of Osborn v. Swope, 230 F.2d 395, 397. In Kahn v. Anderson, supra, and Givens v. Zerbst, 255 U.S. 11, 41 S.Ct. 227, 65 L.Ed. 475, the Supreme Court held that "in time of peace," as used in the 92nd Article of War, means "peace in the complete sense, officially declared." Re-establishment of peace is a matter for political determination, rather than a question for the courts.

Since the United States did not conclude its final peace treaty until several years after petitioner committed his offense, the general court martial exercised its proper power under Article of War 92. The Presidential Proclamation of April 28, 1952, No. 2974, 50 U.S.C.A.Appendix preceding section 1, entitled, "Termination of the National Emergencies Proclaimed on September 8, 1939, and May 27, 1941," 66 Stat. c. 31, stated:

"The state of war between the United States of America and Japan, which was the last of the aforesaid states of war still existing, was terminated by the coming into force this day of the Treaty of Peace with Japan signed at San Francisco on September 8, 1951."

Thus, World War II was officially concluded and peace, for purposes of general court martial jurisdiction, was realized.

It is to be noted that the military authorities themselves have construed "time of peace" in a manner consistent with that enunciated by the early case of Kahn v. Anderson, supra, and as subsequently followed by the above cited authorities. Thus, in the trial of one Hightower, Court Martial 325200, 74 Board of Review 103, 117–118, the military court held that peace had not been officially proclaimed nor had treaties of peace been ratified with all nations with which a state of war existed. Accordingly, it correctly assumed that it had jurisdiction to proceed with the trial of the offense charged.

When petitioner, together with three associates, caused the death of another

---

\* Now Uniform Code of Military Justice, 50 U.S.C.A. § 712.

\** Now Uniform Code of Military Justice, 50 U.S.C.A. § 552.

prisoner in the Camp Cooke Disciplinary Barracks on June 10, 1949, the general court martial had jurisdiction to try him for the crime of murder. The court martial transcript was admitted in evidence in the case and is part of the record before the court. It shows that petitioner participated in a wanton murder for which he received the death penalty. By Presidential intervention the sentence was commuted to life imprisonment.

 Respondent in his argument before the Court contended that petitioner had failed to exhaust his administrative remedies under then Article 53 of War, 10 U.S.C.A. § 1525,[1] and therefore this Court could not entertain his petition. Both Osborn v. Swope, supra, and Osborne v. Swope, 9 Cir., 226 F.2d 908, support respondent's view. These cases, following the Supreme Court holding in Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146, hold that a civil court has no jurisdiction to inquire into the validity of a court martial conviction unless the remedy for rehearing provided for under Article of War 53 is exhausted. The fact that time has barred petitioner from exercising his rights under Article 53 does not permit this Court to grant relief by means of a writ of habeas corpus according to the expression of the above cited Ninth Circuit cases. If the general court martial had lacked jurisdiction over petitioner in the first instance, he would then be entitled to an immediate release. Thus it was and is appropriate that this Court determine the question of jurisdiction in the first instance.

As stated above, the authorities, including this Circuit, hold that the crime charged was committed in time of war. Thus, the general court martial had jurisdiction to proceed and there is no merit to the petition for writ of habeas corpus.

Accordingly, it is ordered that the application for writ of habeas corpus be, and the same hereby is, denied; the order to show cause be, and the same hereby is, discharged and the petition be, and the same hereby is, dismissed.

---

1. Article of War 53 (now superseded by 50 U.S.C.A. § 740). The Judge Advocate General of any of the Armed Forces is authorized "in his discretion to grant a new trial, or to vacate a sentence, * * in any court-martial case in which application is made within one year after final disposition of the case upon initial appellate review: Provided, That with regard to cases involving offenses committed during World War II, the application for a new trial may be made within one year after termination of the war, or after its final disposition upon initial appellate review as herein provided, whichever is the later: * * *." Cf. Article 73, 50 U.S. C.A. § 660.