402 F.2d 441
 Captain Dale E. NOYD, Appellant,
v.
Major General Charles R. BOND, Jr., Commander, Twelfth Air
Force, United States Air Force, Colonel George R. Doerr,
Commander, 832nd Combat Support Group, and Commander, Cannon
Air Force Base, New Mexico, Colonel Robert R. Scott,
Commander, 832nd Air Division, Cannon Air Force Base, New
Mexico, Colonel Jimmy J. Jumper, Commander, 27th Tactical
Fighter Wing, Cannon Air Force Base, New Mexico, Lieutenant
Colonel James L. Glessner, Jr., Commander, 524th Tactical
Fighter Squadron, Cannon Air Force Base, New Mexico, Captain
Charles Thompson, Commander, 832nd Security Police Squadron,
Cannon Air Force Base, New Mexico, Appellees.
Captain Dale E. NOYD, Cross-Appellee,
v.
Major General Charles R. BOND, Jr., Commander, Twelfth Air
Force, United States Air Force, Colonel George R. Doerr,
Commander, 832nd Combat Support Group, and Commander, Cannon
Air Force Base, New Mexico, Colonel Robert R. Scott,
Commander, 832nd Air Division, Cannon Air Force Base, New
Mexico, Colonel Jimmy J. Jumper, Commander, 27th Tactical
Fighter Wing, Cannon Air Force Base, New Mexico, Lieutenant
Colonel James L. Glessner, Jr., Commander, 524th Tactical
Fighter Squadron, Cannon Air Force Base, New Mexico, Captain
Charles Thompson, Commander, 832nd Security Police Squadron,
Cannon Air Force Base, New Mexico, Cross-Appellants.
 Nos. 13-68, 14-68.
 United States Court of Appeals Tenth Circuit.
 Oct. 30, 1968, Certiorari Granted Jan. 20, 1969, See 89
S.Ct. 692.
 
 Marvin M. Karpatkin, New York City, (John Dej. Pemberton, Jr., Burt Neuborne, New York City, Paul A. Phillips and Willard F. Kitts, Albuquerque, N.M., on the brief) for appellant and cross-appellee.
 John Quinn, U.S. Atty., Albuquerque, N.M., (John A. Babington, Asst. U.S. Atty., Albuquerque, N.M., on the brief) for appellees and cross-appellants.
 Before PHILLIPS, HILL and SETH, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 On March 8, 1968, Dale E. Noyd, a captain in the United States Air Force, was convicted by a general court-martial of violating Article 90 of the Uniform Code of Military Justice in that he wilfully disobeyed a lawful military order. He was sentenced to dismissal from the service, forfeiture of all pay and allowances and confinement for one year at hard labor. On May 10, 1968, the general court-martial convening authority, General Charles R. Bond, approved the conviction and ordered Noyd removed to the United States Disciplinary Barracks at Fort Leaven-worth, Kansas, pending completion of military appellate review. Before the transfer order could be carried out, this petition for habeas corpus was filed in the federal district court of New Mexico. The petition asserted the foregoing facts and sought either release on bail or, in the alternative, maintenance of the preexisting condition of confinement, namely, arrest in quarters at Cannon Air Force Base, Clovis, New Mexico.
 
 
 2
 The District court determined that to allow the transfer to Fort Leavenworth would be tantamount to an execution of the sentence prior to the completion of military review procedures. This being prohibited by Article 71(c) of the Uniform Code of Military Justice (UCMJ),[1] it was decreed that appellant be relieved from said order. Pursuant to the court's directive, the Air Force rescinded the transfer order and directed that appellant be placed under guard and restricted to a room in the Visiting Officers' Quarters at Cannon Air Force Base. Both parties being dissatisfied with the disposition of the matter as it presently stands, this appeal followed.
 
 
 3
 At the outset we are faced with the familiar question of exhaustion of military remedies. Under well established military appellate procedure, appellant is entitled to obtain a review of his conviction by an Air Force Board of Review and, if a petition for review is granted, by the United States Court of Military Appeals. At the present time, the Board of Review has heard oral argument although no decision has yet been rendered. Thus, it is apparent that the military appellate procedures have not been pursued to finality.
 
 
 4
 It is well established, not only in this court[2] but by the United States Supreme Court[3] that habeas corpus is not available to review military confinement until after all remedies afforded by the UCMJ have first been exhausted. The policy underlying the requirement of exhaustion of state remedies applies with equal force to attacks upon the propriety of military confinement. Military law and state law both exist substantially independent and apart from the law governing the federal courts. All three separate judicial establishments mecessarily reflect the effects of diverse functions. For this court to intervene in military matters prior to the full utilization of all means of rectification provided by that separate entity might well constitute a meedless interference with the procedures established to police the errors of that tribunal. Accordingly, if an available procedure has not been employed to permit the military to correct an alleged deficiency it is not for this court to under-take an untimely intervention.
 
 
 5
 Admittedly, appellant does not now attempt to collaterally attack the judgment of the court-martial on the merits. He seeks instead to obtain relief from his detention pending military appeal. Nonetheless, it is clear that this issue can be raised in the same manner on appeal to the proper military tribunal as if it related to any other failure to fully comply with the UCMJ.[4] Indeed, the Court of Military Appeals has recently held that it possesses the power to issue a habeas corpus writ in circumstances such as these.[5] Hence, it cannot be gainsaid that through a proper utilization of the review procedures established by the UCMJ appellant can raise the same issues presented here without going outside the system which initially, and at all times heretofore, has had the primary responsibility for his present confinement. As a result, available military review procedures remain to be utilized. We conclude, therefore that appellant has failed to exhaust his military remedies.[6]
 
 
 6
 The order of the district court in granting partial relief is therefore vacated and the judgment is reversed.
 
 
 
 [1]
 Article 71(c) of the Uniform Code of Military Justice provides:
 'No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more, may be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals.' 10 U.S.C. 871(c).
 
 
 [2]
 Noyd v. McNamara, 378 F.2d 538 (10th Cir. 1967), cert. den. 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667; Gorko v. Commanding Officer, etc., 314 F.2d 858 (10th Cir. 1963); McKinney v. Finletter, 205 F.2d 761 (10th Cir. 1953); Hunter v. Beets, 180 F.2d 101 (10th Cir. 1950), cert. den. 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372, and McMahan v. Hunter, 179 F.2d 661 (10th Cir. 1950), cert. den. 339 U.S. 968, 70 S.Ct. 985, 94 L.Ed. 1376. See Annot., 15 A.L.R.2d 387 (1949)
 
 
 [3]
 Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950)
 
 
 [4]
 E.g., United States v. Smith, 2 CMR 817 (1952); United States v. Ranes, 3 CMR 550 (1952); United States v. Lucero, 18 CMR 942 (1955); and United States v. Lock, 36 CMR 72 (1965)
 
 
 [5]
 Levy v. Resor, 37 CMR 399 (1967)
 
 
 [6]
 This court in requiring that appellant first exhaust all available military remedies, does so after fully recognizing that 'the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment.' Burns v. Wilson, 346 U.S. 137, 140, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508 (1953)