UNITED STATES of America ex rel. Weldon H. BERRY, on behalf of Pvt. Carl Bynum, et al., Plaintiffs-Appellants,

v.

COMMANDING GENERAL, Headquarters, THIRD CORPS, FORT HOOD, Fort Hood, TEXAS, et al., Defendants-Appellees.

UNITED STATES of America ex rel. Curtis F. McCLANE, on behalf of Pfc. Oscar Lee Taylor, US 5177437, Plaintiff-Appellant,

v.

COMMANDING GENERAL, Headquarters, THIRD CORPS, FORT HOOD, Fort Hood, TEXAS, et al., Defendants-Appellees.

No. 27052.

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 16, 1969.

Rehearing Denied June 13, 1969.

Weldon H. Berry, Houston, Tex., Curtis McClane, New York City, for plaintiffs-appellants.

Ted Butler, U. S. Atty., Waco, Tex., Warren N. Weir, Jeremiah Handy, Asst. U. S. Attys., San Antonio, Tex., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

■ These are appeals from the District Court's denial of appellants' applications for a temporary restraining order and writs of habeas corpus which challenged the appellants' post-trial confinement, pending review, after conviction by Special Courts-Martial. We affirm.[1]

About six o'clock in the morning of August 24, 1968, forty-three soldiers, including the twelve appellants, stationed at Fort Hood, Texas, were arrested and charged under Article of War 90[2] with failure to obey the lawful order of the provost marshal to disperse and go back to their units for reveille. Appellants were tried and convicted by Special Courts-Martial and sentenced to confinement at hard labor for periods of three to six months.

Because their cases were considered "unusual" the Battalion Commander requested, and the Staff Judge Advocate authorized post-trial confinement, pursuant to Regulation 27–13 issued by Headquarters Third Corps and Fort Hood, Fort Hood, Texas,[3] of each appellant

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

2. Article of War 90, 10 U.S.C.A. § 890 provides in pertinent part: "Any person subject to this chapter who * * * (2) willfully disobeys a lawful command of his superior commissioned officer * * * shall be punished * * *."

3. Legal Affairs
 CONFINEMENT
1. *Purpose.* This regulation outlines policies on confinement.
2. *Policy.*
 b. Post-trial. A person will not be placed in post-trial confinement without the prior approval of the staff judge advocate of the headquarters exercising general court-martial jurisdiction. The confinement portion of a sentence adjudged by a summary or a special court-martial will not be ordered executed by the convening authority except in unusual cases or in conjunction with elimination for the service and only when such confinement has been approved as necessary for the protection of the accused, the military community, or when required by the urgency of the situation. Accordingly, commanders should adopt the following policies:
 (1) The confinement portion of all approved sentences by inferior courts will be suspended, remitted, or mitigated to omit the confinement portion unless the commander intends to initiate elimination proceedings and confine-

ment is approved as necessary for the reasons stated in 2v, above. In cases where elimination proceedings are initiated, confinement will not extend beyond 45 days, after which commanders will remove their prisoners from confinement, except in those cases being processed by the Special Processing Detachment where papers are not available in time to effectuate this policy.[1]
 (2) Where confinement is directed under 2b(1), above, and the elimination board does not recommend discharge, or the Commanding General directs other action, the unexecuted portion of the sentence will be remitted or commuted to a lesser form of punishment not including confinement.
 (3) It is noted that hard labor without confinement, to which confinement at hard labor may be mitigated, is in addition to normal training duties and adds available manpower to perform necessary tasks as well as placing the individual in normal surroundings. Accordingly, in conjunction with the above policy against confinement, the use of hard labor without confinement in lieu thereof, not to exceed four hours per day, is encouraged (see paragraph 126k, Manual for Courts-Martial, 1951).
 1 Para. 2b(1) was superseded on 28 August 1968, as follows:
 Paragraph 2b(1) (superseded) The confinement portion of all approved sentences by inferior courts will be suspended, remitted, or mitigated to omit the confinement portion unless the commander intends to initiate elimination proceedings and confinement is approved as necessary for the reasons stated in 2b, above, or a sentence is approved under 2b(4), be-

pending review of the conviction and sentence. Appellants applied to the District Court for a temporary restraining order and writs of habeas corpus which were denied. These appeals ensued.

Appellants do not challenge the validity of their conviction but attack the constitutionality of their confinement. Appellants claim, in essence, that Regulation 27–13 prohibits their post-trial confinement,[4] and that appellees' failure to comply with the regulation constitutes a denial of due process and equal protection under the Constitution.

 That the federal civil courts have jurisdiction of applications for habeas corpus brought by persons in confinement by the military authorities is undoubted. But it is clear that the scope of matters open for review is narrower than in civil cases. In Burns v. Wilson, 1953, 346 U.S. 137, 73 S.Ct. 1045, 97 L. Ed. 1508, the Court said:

> [T]he rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment. The Framers expressly entrusted that task to Congress.

> Indeed, Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights. Only recently the Articles of War were completely revised, and thereafter, in conformity with its purpose to integrate the armed services, Congress established a uniform Code of Military Justice * * *.

> And finally Congress has provided a special post-conviction remedy within

the military establishment, apart from ordinary appellate review, whereby one convicted by a court-martial may attack collaterally the judgment under which he stands convicted. *Id.* at 140–141, 73 S.Ct. at 1048. (Footnotes omitted).

 Before entertaining an application in military habeas corpus cases, we have required, on principles of comity, the exhaustion of the procedures of the military justice system. In re Kelly, 5 Cir. 1968, 401 F.2d 211, 212. *See also* Noyd v. Bond, 10 Cir. 1968, 402 F.2d 441; Noyd v. McNamara, 10 Cir. 1967, 378 F.2d 538. To counter this threshold obstacle appellants argue that there is no military appellate review beyond that of the Convening Authority and the Judge Advocate, 10 U.S.C.A. § 866(b) and (c); Manual for Courts-Martial, 1951, para. 94. Abstractly this is so, but we are not here concerned with the review of sentences, the validity of which is not under attack; rather we are concerned with post-trial confinement awaiting legal approval of sentences. Furthermore, neither the statute nor the manual purports to eliminate available administrative remedies.

In United States v. Frischolz, 1966, 16 USCMA 150, 36 CMR 306, the Court of Military Appeals pointed out that part of its responsibility includes the protection and preservation of the constitutional rights of persons in the armed forces, and in Levy v. Resor, 1967, 17 USCMA 135, 37 CMR 399 the court said, "In a proper case, this Court has the authority to issue such [habeas corpus] writs" to test the legality of petitioner's restraint. *Id.* at 401.

 Concededly the appellants do not attack the judgment of the court-martial on the merits. Respondent's custody of

low. In cases where elimination proceedings are initiated, approved sentences to confinement will not exceed 30 days of post-trial confinement, after which commanders will remove the prisoners from confinement and continue such processing.

4. Post-trial confinement in this context means the period of time from the Court-Martial adjudication of guilt and sentence to the time that the convening authority and the Staff Judge Advocate have both determined from the record that the proceedings, judgment and sentence are correct.

the appellants is the result of administrative action by the Battalion Commander with the approval of the Staff Judge Advocate. The appellants seek to obtain relief from their detention pending review. We think that "it is clear that this issue can be raised in the same manner on appeal to the proper military tribunal as if it related to any other failure to fully comply with the UCMJ. Indeed, the Court of Military Appeals has recently held that it possesses the power to issue a habeas corpus writ in circumstances such as these. Hence, it cannot be gainsaid that through a proper utilization of the review procedures established by the UCMJ appellant[s] can raise the same issues presented here without going outside the system which initially, and at all times heretofore, has had the primary responsibility for [their] present confinement." Noyd v. Bond, *supra*, 402 F.2d at 442–443 (footnote omitted).

 Finally, a further unexhausted administrative remedy is open to appellants under the complaint procedure provided for in Article 138 UCMJ, 10 U.S. C.A. § 938:

> Any member of the armed forces who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon.

In Levy v. Dillon, D.Kan.1968, 286 F. Supp. 593, the court found that the exhaustion of this administrative remedy "is a prerequisite to the right of a person in custody under conviction by a court-martial to be heard in habeas corpus." *Id.* at 595, *quoting* Hunter v. Beets, 10 Cir. 1950, 180 F.2d 101, 102, cert. denied, 1950, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372.

Appellants having failed to exhaust the procedures available to them in the military justice system, on principles of comity we should not undertake an untimely intervention. Gusik v. Schilder, 1950, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146.[5]

Affirmed.

---

5. This disposition of the case because of failure to exhaust administrative remedies makes it unnecessary for us to reach the questions posed by the appellants of denial of due process and equal protection under the Constitution; arbitrary and discriminatory application of the regulations in question; and the failure of the District Court to interpret the Regulations which the appellants contend are ambiguous.