**UNITED STATES of America ex rel. Keith E. BECKER, Plaintiff,**

**v.**

**Robert E. SEMMONS (sic) Robert C. Seamans, Jr., Secretary of the Air Force, Defendant.**

**Civ. A. No. 72-C-171.**

United States District Court, E. D. Wisconsin.

May 21, 1973.

---

grant him $50,000 in back pay and allowances for the balance of his last period of enlistment, and to grant him $100,000 in damages for false imprisonment and injury to his reputation. This relief is warranted, plaintiff contends, not because he was innocent of the charges for he does not contest his guilt, but because the 1969 decision of the Supreme Court, O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), if applied retrospectively, indicates that some of the counts charged against him should have been tried in a civilian court. Defendant has moved to dismiss this action, and I grant that motion for the following reasons.

First, the complaint does not allege jurisdiction adequately. Diversity of citizenship is relied upon but the citizenship of the defendant is not indicated. The presence of a federal question and the fifth and sixth articles of the Constitution are referred to but not any jurisdiction granting provisions of the Judicial Code. The rule in the federal courts is that the basis of jurisdiction must appear on the face of the complaint. The rule has particular force when, as here, several different causes of action are suggested and several different types of relief are sought. Defendant is entitled to better notice of the basis of jurisdiction than the complaint provides.

Despite plaintiff's lengthy and able brief on the merits, he has not dealt with certain threshold matters. For one thing, he has not shown that he has exhausted other remedies available to him as required in habeas corpus actions such as this. On the contrary, it appears that he has not chosen to petition the United States Court of Military Appeals as provided for by the Uniform Code of Military Justice. Yet he does not contend that petitioning that body will be futile. See United States v. Frischholz, 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966); United States ex rel. Berry v. Commanding General, 411 F.2d 822, 824 (5th Cir. 1969).

Plaintiff has also failed to show how relief can be granted. Granting mone-

Charles M. Hanratty, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty. by D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for defendant; C. Claude Teagarden, Lt. Col., U. S. Air Force, Litigation Div., Washington, D. C., of counsel.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff is attempting to invalidate his conviction by a general court-martial of several counts of assault and assault with intent to kill. Plaintiff was convicted in 1955 and was sentenced to twenty years at hard labor and a dishonorable discharge. In 1962 he was granted clemency. He seeks by this action to have this court order the Board of Air Force Corrections to change his records to an honorable discharge, to

tary damages appears to be barred, though I reserve ruling on the question, by the statute of limitations, the Federal Tort Claims Act, the Tucker Act, and the doctrine of sovereign immunity. Other relief may also be barred because plaintiff was not sentenced on each count but was instead sentenced once for his conviction on all counts. If, as appears likely, the conviction on at least one count, namely, the assault of Staff Sergeant Ellis, should not be reversed, the court may not be authorized to alter the sentence regardless of its ultimate decision on the other counts. Nor is it clear that the court has authority under any statute to remand the case to the military for resentencing.

For the reasons stated above,

It is ordered that defendant's motion to dismiss this action be and it hereby is granted.