**Morris W. LEE, Petitioner,**

v.

**Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Respondent.**

Civ. No. 37265.

United States District Court
N. D. California, S. D.

June 30, 1958.

Lloyd H. Burke, U. S. Atty., William A. Collier, Special Asst. U. S. Atty., San Francisco, Cal., for the United States.

E. John Kleines, San Francisco, Cal., for petitioner.

GOODMAN, Chief Judge.

Petitioner is confined at the United States Penitentiary at Alcatraz, California, pursuant to a sentence of ten years for assault with murderous intent adjudged by a General Court Martial on March 14, 1947.

The sentence pronounced by the General Court Martial included the provision that: "The Federal Reformatory, Chillicothe, Ohio, or elsewhere as the Secretary of War may direct, is designated as the place of confinement." · Article 42 of the Articles of War then in effect, 10 U.S.C. § 1513 (1946 Ed.), provided as follows:

"Except for desertion in time of war, repeated desertion in time of peace, and mutiny, no person shall under the sentence of a court-martial be punished by confinement in a

penitentiary unless an act or omission of which he is convicted is recognized as an offense of a civil nature and so punishable by penitentiary confinement for more than one year by some statute of the United States, of general application within the continental United States, excepting section 468 of Title 18, or by the law of the District of Columbia, or by way of commutation of a death sentence, and unless, also, the period of confinement authorized and adjudged by such court-martial is more than one year: *Provided,* that when a sentence of confinement is adjudged by a court-martial upon conviction of two or more acts or omissions any one of which is punishable under these articles by confinement in a penitentiary, the entire sentence of confinement may be executed in a penitentiary: *Provided further,* that penitentiary confinement hereby authorized may be served in any penitentiary directly or indirectly under the jurisdiction of the United States: *Provided further,* That persons sentenced to dishonorable discharge and to confinement not in a penitentiary shall be confined in the United States Disciplinary Barracks or elsewhere as the Secretary of War or the reviewing authority may direct, but not in a penitentiary."

 Since the General Court Martial did not specifically sentence petitioner to confinement in a penitentiary, by virtue of Article 42, non-penitentiary confinement was required by the sentence. Confinement in a penitentiary was therefore precluded. Kelly v. Hunter, D.C.Kan.1948, 80 F.Supp. 851; Green v. Schilder, 10 Cir., 1947, 162 F.2d 803.

On December 31, 1953, petitioner, having served a considerable portion of his sentence, was conditionally released from the Federal Correctional Institution, Texarkana, Texas, where he was then confined. On August 12, 1956, his conditional release was revoked. Since October 24, 1957, he has been confined at the United States Penitentiary at Alcatraz.

By petition for the writ of habeas corpus, he seeks an order directing his transfer to a place of confinement other than a penitentiary. In opposing the relief sought by petitioner, respondent relies on the fact that effective May 5, 1951, Article 42 of the Articles of War was repealed and superseded by Article 58 of the Uniform Code of Military Justice, 64 Stat. 126, 50 U.S.C. § 639 (1952 Ed.), now 10 U.S.C.A. § 858. Article 58 of the Uniform Code of Military Justice provides as follows:

"(a) Under such instructions as the Department concerned may prescribe, any sentence of confinement adjudged by a court-martial or other military tribunal, whether or not such sentence includes discharge or dismissal, and whether or not such discharge or dismissal has been executed, may be carried into execution by confinement in any place of confinement under the control of any of the armed forces, or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use; and persons so confined in a penal or correctional institution not under the control of one of the armed forces shall be subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the State, Territory, District, or place in which the institution is situated."

 Respondent assumes that Article 58 applies retroactively to the execution of sentences adjudged by courts-martial pursuant to former Article of War 42. But, such is not the case. Section 14 of the Act of May 5, 1950, 64 Stat. 107, which enacted the Uniform Code of Military Justice, provides as follows:

"The following sections or parts thereof of the Revised Statutes or Statutes at Large are hereby re-

pealed. Any substantive rights or liabilities existing under such sections or parts thereof prior to the effective date of this Act shall not be affected by this repeal, and this Act shall not be effective to authorize trial or punishment for any offense if such trial or punishment is barred by the provisions of existing law:

"(a) Chapter II of the Act of June 4, 1920 (41 Stat. 759, 787–811, ch. 227), as amended, except Articles of War, 107, 108, 112, 113, 119, and 120."

Article of War 42 was part of Chapter II of the Act of June 4, 1920 and thus was one of the statutory provisions repealed by Section 14 of the Act of May 5, 1950. Consequently it is clear that the penitentiary confinement of petitioner, which was barred by Article of War 42 is not authorized by Article 58 of the Uniform Code of Military Justice as enacted by the Act of May 5, 1950.

On August 10, 1956, Section 1 of the Act of May 5, 1950 which enacted the Uniform Code of Military Justice was repealed, and the Uniform Code of Military Justice was reenacted as Chapter 47 of Title 10, United States Code, effective January 1, 1957, 70A Stat. 1. This Act of August 10, 1956, did not repeal Section 14 of the Act of May 5, 1950. Moreover in its own repeal clause, Section 53, it provided for the repeal of the Uniform Code of Military Justice as enacted in Section 1 of the Act of May 5, 1950, "except with respect to rights and duties that matured, penalties that were incurred, and proceedings that were begun, before the effective date of this act."

Thus it is absolutely clear that Article 58 of the Uniform Code of Military Justice as it stands today does not authorize the penitentiary confinement of petitioner, which was barred by former Article of War 42.[1]

The writ of habeas corpus will issue and it is ordered that petitioner be transferred to a place of confinement other than a penitentiary.

1. The specific savings clauses referred to make it unnecessary to consider the argument that a retroactive application of Article 58 to petitioner would violate the Constitutional provision forbidding the Congress to pass ex post facto laws.