William S. SWEET, Petitioner,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent.

No. 2755 H.C.

United States District Court, D. Kansas.

Oct. 6, 1959.

William S. Sweet, pro se, Roy Cook, Kansas City, Kan., for petitioner.

Wilbur G. Leonard, U. S. Atty., E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan., Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., and Peter S. Wondolowski, Lt. Col., Office of The Judge Advocate General, Department of the Army, Washington, D. C., for the Government.

HUXMAN, Senior Circuit Judge.

Petitioner, William S. Sweet, challenges the legality of his detention in the custody of the respondent, J. C. Taylor, Warden of the Federal Penitentiary at Leavenworth, Kansas, by habeas corpus. The case was heard by the court at Kansas City, Kansas, on September 1, 1959, the petitioner being present in person and by his attorney, Roy Cook, and the respondent being present by his attorney, Col. Peter Wondolowski. The case was regularly called for trial and statements and arguments were heard by the court. At the conclusion of the arguments, the court requested that briefs be filed. These have been received and considered by the court.

Petitioner, William S. Sweet, a soldier on active duty, was convicted by a gen-

eral court-martial, convened at Gorizia, Italy, on June 18, 1947, of murder. He was found guilty of the charge and was sentenced to be dishonorably discharged, to forfeit all pay, and to be confined at hard labor for life, at such place as the reviewing authority may direct. On August 21, 1947, the reviewing authority approved the sentence and designated the Federal Reformatory at Chillicothe, Ohio, or elsewhere as the Secretary of War may direct, as the place of confinement. Execution of the sentence was withheld. Thereafter, the Board of Review, in the office of the Judge Advocate General, held that the record was legally sufficient to sustain the findings of guilty and ordered the sentence executed, and designated the United States Penitentiary at Lewisburg, Pennsylvania, or elsewhere as the Secretary of the Army may direct, as a place of confinement. Pursuant to this order, petitioner is confined in the United States Penitentiary at Leavenworth, Kansas.

In the main, two grounds are urged for release from custody. It is urged, first, that the petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution were violated; and second, that in any event, confinement in a federal penitentiary is unlawful because it is in violation of the place of confinement fixed by the reviewing authority which directed confinement in a reformatory type of institution.

■■ Under the first assignment of error, it is urged that petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments were violated. The general contention is that petitioner's basic constitutional rights have been violated in that he was not represented by competent counsel in the erroneous admission of evidence, and that the evidence is insufficient to sustain the conviction. It must be conceded that the scope of review of a court of law of a military trial and conviction therein is a limited one. It is sometimes stated that if the military reviewing authorities have considered and decided the constitutional questions sought to be raised in a habeas corpus case, then the matter is at an end, and the civil court is without jurisdiction. In the court's view, that statement is too broad. In Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 1049, 97 L. Ed. 1508, it is stated that "when a military decision has dealt fully and *fairly* with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." However, if a careful examination of the record compels a conclusion that there is no evidence to sustain the judgment or that in fact petitioner was not represented by an attorney, or that it must be said that basic constitutional rights were violated, it would seem that a civil court would have jurisdiction to grant relief because under such circumstances it cannot be said that the reviewing military authorities fairly considered these questions. An examination of the trial proceedings in this case, however, convinces the court that this is not such a case and that the court is without jurisdiction to re-evaluate the proceedings in the trial.

The contention that petitioner is improperly confined in the Federal Penitentiary at Leavenworth, Kansas, raises a much more serious question. As pointed out, the general court-martial found petitioner guilty on all specifications. Its sentence was that he "be dishonorably discharged from the service, to forfeit all pay and allowances due or to become due, and to be confined at hard labor *at such place as the reviewing authority may direct for the term of your natural life.*" On August 21, 1947, the reviewing authority directed that "the Federal Reformatory at Chillicothe, Ohio, or elsewhere as the Secretary of War may direct, is designated as the place of confinement." It was further provided that "the execution of the sentence is withheld." Thereafter, the Board of Review recited its examination of the record of the trial, sustained the findings of guilty, and stated that the Judge Advocate General's order had been transmitted for the purpose of promulgating the order executing the approved sentence.

It designated the United States Penitentiary, Lewisburg, Pennsylvania, or elsewhere as the Secretary may designate, as the place of confinement.

The decisive question is whether the place of service of sentence is a part of the sentence. In a criminal trial by a jury in a civil court, the jury returns the verdict, and finds the defendant innocent or guilty. If the verdict is guilty, the court then pronounces the judgment and sentence. In a military trial, the general court-martial acts as both the jury and judge. Having found a defendant guilty, it then becomes its duty to impose judgment. There is nothing in the military code or in the decisions called to the court's attention which would require the conclusion that the duty of the military court in pronouncing the judgment and sentence of the verdict of guilty is other than in civil courts. I conclude that when a military defendant has been found guilty, it is the duty of the military court to then pronounce a complete judgment which includes sentence upon the defendant.

Judgment and sentence are component parts of the same judicial function. In fact, the terms are used interchangeably. To sentence is to pronounce judgment, and where imprisonment is provided as a punishment, to sentence means to pronounce judgment of imprisonment as well as the number of years to be served.[1] It would seem that the place of confinement is as much a part of the sentence, where different places of confinement may be adjudged, as is the number of years required to be served.

There seems to be no uniformitory in the cases in military trials with respect to who designates the type of institution of confinement. In Lee v. Madigan, D.C., 164 F.Supp. 676, the sentence imposed by the general court-martial included the provision that, "The Federal Reformatory, Chillicothe, Ohio, or elsewhere as the Secretary of War may direct, is designated as the place of confinement." In Kelly v. Hunter, D.C., 80 F. Supp. 851, the sentence was that defendant "be dishonorably discharged [from] the service to forfeit all pay * * * and to be confined at hard labor, at such place as the reviewing authority may direct, for ten (10) years." Numerous other cases can be found in which the place of confinement has been fixed by the general court-martial or by the reviewing authority where the sentence so directed.

The purpose of review by the military authorities of a general court-martial trial is substantially the same as a review of a conviction in criminal trials in the civil courts. The purpose of such review is to assure that procedural due process has been observed, that the evidence supports the verdict and judgment of the court, and that fundamental rights have been observed. The one difference is that in military court-martial trials, review is mandatory. If the proceedings are approved, the sentence is ordered into execution.

Reliance for respondent's contention that the Board of Review must fix the place of confinement is placed on Article 50½, paragraph 87b, Manual for Courts-Martial, 1926, which provides that "* * * if the sentence of a general court-martial, as ordered executed, provides for confinement, the place of confinement will be designated." It is argued that it is clear from this provision that if the place of confinement will be designated at the time the sentence is ordered into execution, the final order must fix the type of institution in which the prisoner is to be confined. This article, to me, means no more than the particular institution of the type fixed in the sentence is to be designated at that time. Thus, the trial court has power to sentence to a penitentiary or to a reformatory type institution. Imprisonment in such an institution is a part of the sentence. The particular institution in

---

1. 24 C.J.S. Criminal Law § 1556(b); State ex rel. Stensby v. McClelland, 58 N.D. 365, 226 N.W. 540, 543; People v. Markham, 114 App.Div. 387, 99 N.Y.S. 1092; 114 Appeal Decision, 387.

which the sentence is to be served is selected at the time the sentence is executed or placed in operation.

■■ To execute means to carry out, to perform.[2] It does not connote to impose or to modify. As a part of its review, the reviewing authority may modify or reduce a sentence. It could not, however, increase a sentence by requiring a service of more years than imposed by the military court-martial. To change a sentence from service in a reformatory type institution to a penitentiary type institution would amount to an increase in punishment.

Such cases as Kelly v. Hunter, D.C., 80 F.Supp. 851, are not decisive of the question here presented because there the change in place of confinement was not made by the reviewing authorities.

Respondent's contention that the reviewing authority prematurely designated the Federal Reformatory at Chillicothe, Ohio, as a place of confinement, is in the court's opinion not well taken. Assuming, without deciding, that the general court-martial may delegate the duty of fixing as a part of its sentence the type of institution in which a sentence is to be served, in cases where different types of institutions may be designated, it directed that the reviewing authority designate the type of institution. This the reviewing authority did, and, as pointed out above, the Board of Review could not thereafter increase the severity of the sentence by designating a penitentiary type of institution.

The question remains—what disposition should be made of the case. In Kelly v. Hunter, supra, where the court found the petitioner was improperly confined in a penitentiary, the court retained jurisdiction for sixty (60) days to give the proper authorities an opportunity to correct the error. The court here feels that the proper authorities will cooperate in effectuating the decision reached by the court. Jurisdiction will, therefore, be retained for a period of thirty (30) days. If, in the meantime, the court is advised that respondent desires to appeal, a formal and appropriate judgment will be entered to enable respondent to appeal. If no appeal is filed, the court feels sure that the proper authorities will carry out the views expressed herein.

---

2. Bouv. Law Dict., Rawle's Third Revision, p. 1111; Den ex dem. Smith v. Young, 7 Halst. 300, 12 N.J.L. 300.