**Captain Dale E. NOYD, Petitioner,**

v.

**Major General Charles R. BOND, Jr., Commander, Twelfth Air Force, United States Air Force, et al., Respondents.**

**Civ. No. 7569.**

United States District Court
D. New Mexico.
May 24, 1968.

786

Marvin M. Karpatkin, John deJ. Pemberton, Jr., New York City, Paul A. Phillips, Willard F. Kitts, Albuquerque, N. M., Burt Neuborne, New York City, for petitioner.

Alfred H. McRae, Frank H. Allen, Jr., Albuquerque, N. M., Rhoda H. Karpatkin, Melvin L. Wulf, New York City, of counsel, for petitioner.

John Quinn, U. S. Atty., Albuquerque, N. M., for respondent.

## DECISION AND ORDER

PAYNE, Chief Judge.

This cause came on for hearing on the 23rd day of May, 1968, at 10:00 a. m., on an Order to Show Cause issued by this Court on May 16, 1968, requiring the respondents to show cause why a writ of habeas corpus should not issue herein as prayed for in the petition. The petitioner was present in person and by his attorneys. The petitioner was represented by Marvin M. Karpatkin and other attorneys. The respondents were represented by the Honorable John Quinn, United States Attorney, and others. No testimony was taken, but each side argued the case at length. Since no opposing testimony was offered, the Court took the petition to be true, and this opinion is based upon such facts.

█ It may be noted at the outset that the function of a Federal District Court in a case such as this is not to re-evaluate the evidence and make a determination of the petitioner's guilt or innocence. The extent to which this Court should inquire into this matter has been defined by the Tenth Circuit as follows:

"(1] The scope of judicial review of military habeas corpus cases is well established. Court inquiry is limited to whether the court-martial had jurisdiction of the person and the offense charged, whether the accused was accorded due process of law as contemplated and assured by the Uniform Code of Military Justice, and whether competent military tribunals gave fair and full consideration to all the procedural safeguards deemed essential to a fair trial under military law."

Gorko v. Commanding Officer, 314 F.2d 858 (1963). In Kennedy v. Commandant, 10 Cir., 377 F.2d 339, the same court, speaking through Chief Judge Murrah, reiterated the above expressed formula.

The facts presented by this case are as follows: Petitioner was convicted by a general court-martial for violation of Article 90 of the Uniform Code of Military Justice for a willful violation of a lawful order. This conviction occurred at Cannon Air Force Base near Clovis, New Mexico, and the judgment of the conviction was rendered on March 8, 1968. The petitioner was sentenced to dismissal from the service, forfeiture of all pay and allowances, and one year of confinement at hard labor, and on May 10, 1968, General Bond approved the findings and sentence of such general court-martial and directed that the

petitioner be transferred to the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

Article 71(c) of the Uniform Code of Military Justice (10 U.S.C. § 871(c)) reads as follows:

"(c) No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more, may be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals."

■ There is a disagreement as to whether petitioner's incarceration at Fort Leavenworth would be for the sole purpose of safekeeping, or whether it would be considered execution of his sentence. It is the opinion of the Court that placing the petitioner in Fort Leavenworth would, in effect, constitute, in part at least, execution of the sentence. Petitioner's sentence includes a term of confinement for one year, and the Court holds that the respondents cannot execute such sentence until such review procedures as are mentioned in Article 71(c) are completed.

■ Respondents contend that Article 57 of the Uniform Code of Military Justice (10 U.S.C. § 857), specifically subsection (b), which provides that "any period of confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged by the court-martial * * *", permits or requires confinement of petitioner in the manner attempted. The Court disagrees with this contention. Article 57 is of a general nature, and it seems to the Court that Article 71 creates specific exceptions to the application of Article 57. Furthermore, if these sections are indeed to some degree incompatible, the Court believes that any such conflict should be resolved in the petitioner's favor.

■ The Court has concluded that it has no jurisdiction to tell the respondents what conditions of restraint may be imposed upon the petitioner, or what conditions of release, if any, might be imposed. The Bail Reform Act of 1966 specifically excludes offenses of the type involved here from the jurisdiction of the district courts. The case of Levy v. Resor, et al., 17 U.S.C.M.A. 135, 37 C.M.R. 99, holds that the right of a person in the military service to bail pending appeal from conviction is not constitutional, but statutory only, and that, in the military, there is no statutory provision for such bail. This Court agrees with that decision, and concludes that it has no right to say what bail, if any, should be set for the petitioner, nor to state what conditions of release, if any, should be imposed. Those are matters that are properly within the discretion of the military authority, and it may be that the appropriate officials will feel that the petitioner should be confined during the review procedures. This Court is not attempting to rule on any of those questions. The Court merely holds that sending the petitioner to Fort Leavenworth would, in effect, amount to execution of the sentence.

It has traditionally been held that a writ of habeas corpus is unavailable to question a sentence to be served in the future. In Rowe v. Peyton, 383 F.2d 709 (4th Cir., 1967), however, the Fourth Circuit observed that since McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, the Supreme Court has adopted a more liberal, less technical concept of the writ, and the Court concluded that a writ might be granted concerning a sentence to be served in the future.

The Fourth Circuit in *Rowe* felt that the Federal habeas corpus writ was available "to serve the clearly present need of a procedural device to test the legality of these convictions (which involved sentences to be served in the future) * * *" 383 F.2d 709, 710.

■ The petitioner in the present case has not yet been incarcerated at Fort Leavenworth; however, an order has been issued requiring him to go there, and the Court believes that a present

need exists to test the legality of such order.

An important question raised by this proceeding is whether this action is premature in view of the fact that the petitioner has not exhausted his military remedies. The Court is familiar with the exhaustion principle, and the wording of the judicial code which codifies this principle, 28 U.S.C.A. § 2254. "The policy underlying that rule is as pertinent to the collateral attack of military judgments as it is to collateral attack of judgments rendered in state courts." Gusik v. Schilder, 340 U.S. 128, 131, 132, 71 S.Ct. 149, 151, 95 L.Ed. 146.

It is the Court's opinion that the circumstances present here are such as to render the military remedy process ineffective to protect the petitioner's rights. In view of the determination on the part of the Air Force to execute petitioner's sentence before completion of the prerequisites to execution of sentence provided by Article 71(c), U.C.M.J., the Court has concluded that the circumstances warrant a partial granting of the writ requested notwithstanding petitioner's failure at this point to have exhausted his military remedies. 28 U.S.C.A. § 2254(b). To require petitioner to await completion of the appellate review process would be to permit execution of his sentence. Such would constitute a deprivation of petitioner's rights under the Uniform Code of Military Justice, Article 71(c).

It is the Court's ruling that (1) the order confining petitioner to Fort Leavenworth constitutes execution of his sentence and is void, and (2) the Court has no jurisdiction or authority to interfere with the discretion of the military establishment concerning petitioner's custody, so long as such discretion is exercised within the framework of the Uniform Code of Military Justice.

It is, therefore, ordered and adjudged that the petitioner be, and he is hereby, relieved from the order requiring him to go to the disciplinary barracks at Fort Leavenworth, Kansas.