**Captain Howard Brett LEVY, Petitioner,**

v.

**Colonel Wilbur DILLON, Commandant, United States Disciplinary Barracks, Fort Leavenworth, Kansas, Respondent.**

No. L–543.

United States District Court
D. Kansas.

July 29, 1968.

Alan H. Levine, and Burt Neuborne, New York City, and Wayne T. Stratton, Topeka, Kan. (Charles Morgan, Jr., Atlanta, Ga., on the brief), for petitioner.

Captain Richard F. Locke, JAGC, Washington, D. C., and Kenneth F. Crockett, Asst. U. S. Atty., Topeka, Kan. (Colonel Robert K. Weaver, JAGC, Washington, D. C., and Benjamin E. Franklin, U. S. Atty., Kansas City, Kan., on the brief), for respondent.

ARTHUR J. STANLEY, Jr., Chief Judge.

Captain Howard Brett Levy, now confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas, petitions this court for writ of habeas corpus. He alleges that his restraint is illegal and unconstitutional for the reasons that:

"It is in direct violation of Article 71(c) of the Uniform Code of Military Justice, which provides:

'No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more, may be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals.'

Since Petitioner's conviction has not yet been affirmed by a Board of Review and has not yet been presented to the Court of Military Appeals, the 'execution' of Petitioner's confinement at Fort Leavenworth is premature and unlawful. The continued incarceration of Petitioner at Fort Leavenworth would, therefore, constitute the 'execution' of his sentence prior to the completion of appellate review, in direct violation of Article 71(c) UCMJ.

"It is a violation of the due process clause of the Fifth Amendment and the excessive bail provisions of the Eighth Amendment, as well as the free speech clause of the First Amendment, for Petitioner to remain incarcerated at Fort Leavenworth under these circumstances."

A full evidentiary hearing was held July 16, 1968, with petitioner present in person and by his attorneys. At the hearing, Captain Levy, although present, was permitted by agreement of counsel to present his own testimony by affidavit and thus was not subjected to cross-examination.

Captain Levy, a commissioned medical officer of the United States Army on active duty, was on June 2, 1967 found guilty by a general court-martial. On June 3, 1967, he was sentenced to dismissal from the service, forfeiture of pay and allowances, and confinement at hard labor for three years. On August 11, 1967, the sentence was approved by the convening authority, the Commanding General, United States Army Training Center, Fort Jackson, South Carolina. The record of trial, pursuant to Article 66(b), Uniform Code of Military Justice (10 U.S.C.A. § 866(b)), was referred by the Judge Advocate General of the Army to a board of review; has there been argued and is now under consideration.

Captain Levy has had the guiding hand of appointed military counsel from the inception of the case against him. From the pretrial investigation to the present time he has been represented also by retained civilian counsel. With the assistance of his attorneys, he has contested the case through each stage of the military system and declares his intention, if necessary, to continue the contest through the highest court provided by that system, the United States Court of Military Appeals. His petition for writ of habeas corpus and other relief was denied by that court, July 7, 1967. Levy v. Resor, 17 U.S.C.M.A. 135, 37 C.M.R. 399 (1967).

Petitioner has not failed to invoke the aid of the civil courts. Levy v. McNamara, Civil No. 953–67, D.D.C., May 3, 1967; Miscellaneous Orders, United States Supreme Court, May 22, 1967 (387 U.S. 915, 87 S.Ct. 2026, 18 L.Ed.2d 968, sub nom. Levy v. Corcoran); Levy v. Corcoran, 389 F.2d 929 (D.C.Cir. 1967), cert. denied, 389 U.S. 960, 88 S. Ct. 337, 19 L.Ed.2d 369; Levy v. Resor, (D.S.Car. 7–5–67), aff'd, 384 F.2d 689, cert. denied, 389 U.S. 1049, 88 S.Ct. 789, 19 L.Ed.2d 843.

Following his conviction and sentence, Captain Levy was held in temporary custody at Fort Jackson, South Carolina, until December 15, 1967, when he was transferred to the United States Disciplinary Barracks, Fort Leavenworth.

In petitioner's affidavit, introduced at the hearing, he complains generally that the conditions of his present confinement are more onerous than they were before his transfer, except that he now has access to a pool table and a ping-pong table, not available to him at Fort Jackson. He complains specifically of restrictions on his right to receive visitors and mail, and to make telephone calls; that he is awakened at 5:30 a. m. and must extinguish the lights at 12:15 a. m.; of the regularity of meal times; of the requirement that he wear prisoner's clothing rather than an officer's uniform with insignia of rank; that he is denied the right to subscribe to desired periodicals; that the library is small; that he may receive only books approved by the staff at the disciplinary barracks; that he is not allowed work as a physician or as a teacher, and does work in the print shop; that his quarters are not suitable; that he is required to abide by regulations under sanction of disciplinary action; that he is not addressed by rank, referred to as "sir" or saluted; that he is searched when he leaves the visitors room; that his right to make purchases is limited; that, while undergoing six days of disciplinary segregation for violation of regulations, he was deprived of privileges and confined under unsatisfactory conditions. He states that "while confined at Fort Jackson I was never given any orders and thus was never subjected to any disciplinary proceedings."

While petitioner does not allege or state in his affidavit that he has complained to the military authorities of those matters set forth in his affidavit, Lieutenant Colonel Udclair, director of

custody at the disciplinary barracks, testified that petitioner had complained two or three times. There is no evidence, however, that petitioner has at any time invoked Article 138, UCMJ (10 U.S.C.A. § 938) seeking redress of claimed wrongs.

Petitioner is one of fifteen officers now confined in the United States Disciplinary Barracks at Fort Leavenworth, all convicted by general courts-martial and all awaiting disposition of their appeals. Petitioner's treatment does not differ from that accorded his fourteen fellow officer-prisoners. His assignment to work in the print shop rather than to duties commensurate with his rank is justified by his execution of a waiver of his rights in this respect. In any event, petitioner's counsel stated at the hearing that there was no contention that the regulations of the disciplinary barracks are invalid or unreasonable, or that there has been discrimination in their enforcement. The complaints do not justify judicial action. I recite them only as indication of petitioner's own attitude toward his present status.

This is not a collateral attack on the judgment of a military court. That judgment is now the subject of direct attack in the proceedings before the board of review. Respondent's custody of petitioner is the result of administrative action by his commanding officer, and petitioner has an unexhausted administrative remedy by way of complaint under Article 138, UCMJ. "Ordinarily, the exhaustion of that administrative remedy [Article 53] is a prerequisite to the right of a person in custody under conviction by a court-martial to be heard in habeas corpus." Hunter v. Beets, 180 F.2d 101, 102 (10th Cir.), cert. denied, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950).

In a sense, petitioner is asking this court to review the order of the Court of Appeals of the Fourth Circuit granting the motion for his transfer to Fort Leavenworth. He seeks to explain this by stating that his present counsel, at the time the government's application was pending in the Fourth Circuit, were unaware of the existence of Article 71(c), UCMJ (10 U.S.C.A. § 871(c)). Counsel's lack of knowledge is blamed on his military counsel, described in petitioner's brief as competent and dedicated. I find it difficult to believe and refuse to believe that petitioner's civilian counsel, at least one of whom represents him in this proceeding, did not examine the Articles of the Uniform Code of Military Justice, including Article 71(c). My disbelief is reinforced by the fact that in this case petitioner does not cite Article 71(b), equally applicable to petitioner, from which it might be inferred that petitioner is holding that subsection in reserve for possible use in subsequent proceedings.

The issue on the motion to transfer before the Fourth Circuit is the same issue as is here presented. In his petition for writ of certiorari to the Fourth Circuit, petitioner set out as one of the questions presented:

"Whether in the event petitioner is not released pending appeal and is transferred from Fort Jackson, South Carolina to Fort Leavenworth, Kansas such transfer will (a) deprive him of the right to adequate counsel on appeal in violation of the Sixth Amendment of the Constitution of the United States, and (b) substantially alter the facts upon which he was denied bail in the courts below in violation of the due process clause of the Fifth Amendment, and (c) cause him to serve his sentence in full in the most onerous of conditions while his appeal is pending, in violation of the due process clause of the Fifth Amendment and the cruel and unusual punishments clause of the Eighth Amendment."

Certiorari was denied.

■ While mere denial of a petition for certiorari is not to be deemed an affirmance of the lower court's decision, it "is the law of the case as to all points raised in * * * [the] petition for certiorari." Ex parte Danziger, 77 F. Supp. 466 (S.D.Cal.1948).

Petitioner does not now argue that he should be admitted to bail, something wholly unknown to the military law and practice (United States v. Vissering, 184 F.Supp. 529 (E.D.Va.1960)), and something already twice denied him (Levy v. Resor, 17 U.S.C.M.A. 135; Levy v. Resor, (D.S.Car.1967), aff'd, 384 F.2d 689 (4th Cir.1967), cert. denied, 389 U.S. 1049, 88 S.Ct. 789, 19 L.Ed.2d 843). He does contend that his present restraint is violative of Article 71(c), UCMJ, because his sentence has not yet been affirmed. He cites Noyd v. Bond, 285 F.Supp. 785 (D.N.Mex.1968). In the *Noyd* case, the court held that the transfer of a military prisoner to the United States Disciplinary Barracks after sentence but before affirmance of the sentence constitutes partial execution of the sentence. I cannot say that I agree with Judge Payne's conclusion, and, in any event, under the circumstances of this case I must respectfully decline to follow *Noyd*.

■ Article 71(c), UCMJ, may not be read as standing alone. The Constitution is the source of the military law of the United States and that Constitution makes the President the Commander in Chief of the Army and Navy and confers on Congress the power to make rules for the government and regulation of the armed forces. Congress, by enacting Article 36, UCMJ (10 U.S.C.A. § 836), granted to the President the power to prescribe rules for the military courts. Pursuant to this authority, the President by executive order prescribed the Manual for Courts-Martial (MCM), which has the force of statutory law. Harper v. Jones, 195 F.2d 705 (10th Cir.1952), cert. denied, 344 U.S. 821, 73 S.Ct. 19, 97 L.Ed. 639; Levy v. Resor, 17 U.S.C.M.A. 135. Paragraph 21(d) of the Manual provides:

"Upon notification from a trial counsel of the result of a trial * * a commanding officer will take prompt and appropriate action with respect to the restraint of the person tried. Such action, depending on the circumstances, may involve the immediate release of the person from any restraint, or the imposition of any necessary restraint pending final action on the case."

■ Captain Levy's commanding officer was authorized by paragraph 21(d) to take appropriate action. In exercising his authority, the commanding officer was governed by pertinent Army regulations. Such regulations, unless inconsistent with existing statutory enactments, have the force of law. 6 C.J.S. Army and Navy § 2, p. 348; and see Harper v. Jones, supra. In ordering petitioner's transfer to the disciplinary barracks, the commanding officer did not abuse his discretion and did not act hastily or arbitrarily. On the contrary, in compliance with paragraph 4(c) AR 633–5, and because of proceedings then pending in the civil courts (appeal to the Fourth Circuit from the decision of the District Court of South Carolina), he requested specific authority to order the transfer, giving his reasons therefor. (Exhibit B). The Secretary of the Army approved the request with the proviso that the consent of the Fourth Circuit be first obtained. (Exhibit D). A motion for an order permitting the transfer was granted by the Fourth Circuit. (384 F.2d 689).

■ Petitioner is an officer prisoner as that term is defined in paragraph 2(i) AR 633–5. (Exhibit G). He is a person subject to military law and as such "may be confined in a disciplinary barracks as a result of trial by court-martial." (Paragraph 4 AR 210–70) (Exhibit H). As an "officer prisoner," petitioner is entitled to the privileges outlined in paragraph 18 AR 633–5. "Executed" as used in Article 71(c) means "carried out or placed in operation." Sweet v. Taylor, 178 F.Supp. 456 (D.Kan.1959). Petitioner's sentence has not been ordered executed and, since it includes dismissal from the service and confinement for more than one year, no one has power to order its execution until and unless it is affirmed by the board of review and approved by the Secretary of the Army. Article 71, UCMJ. If it should be so affirmed and

approved and ordered executed, it will then, and only then, be carried into effect, and petitioner's status will change from "officer prisoner" to "sentenced prisoner" (Paragraph 2(k) AR 663–5), with all the accompanying loss of rank and privilege and subjection to hard labor. Until that time, he may be confined in a disciplinary barracks pursuant to paragraph 4(b) (2) AR 633–5 so long as cognizance has been taken "of the requirement that a prisoner whose sentence has not been ordered executed will not be subjected to conditions of confinement more rigorous than necessary to insure his presence." There is evidence that such cognizance was taken. (Exhibits B, E and F).

I find that petitioner has not exhausted administrative remedies available to him under the Articles of the Uniform Code of Military Justice; that he has not established that his transfer to the United States Disciplinary Barracks or his detention there is in violation of any of petitioner's legal or constitutional rights. I conclude that petitioner's sentence has not been executed and is not now being executed; and that he is not illegally restrained by the respondent.