Captain Howard Brett LEVY, Appellant,

v.

Colonel Wilbur DILLON, Commandant,
United States Disciplinary Barracks,
Fort Leavenworth, Kansas, Appellee.

No. 78-68.

United States Court of Appeals
Tenth Circuit.

Sept. 18, 1969.

Burt Neuborne, New York City (Alan H. Levine, New York City, Wayne T. Stratton, Topeka, Kan., and Charles Morgan, Jr., Atlanta, Ga., with him on the brief) for appellant.

Capt. Richard F. Locke, JAGC, Washington, D. C. (Benjamin E. Franklin, U. S. Atty., Kenneth F. Crockett, Asst. U. S. Atty., Topeka, Kan., and Lt. Col. Arnold I. Melnick, JAGC, Washington, D. C., with him on the brief) for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Captain Howard Brett Levy, a commissioned medical officer of the United States Army on active duty, was tried and found guilty of violating Articles 90, 133 and 134 of the Uniform Code of Military Justice (U.C.M.J.) on June 2, 1967, by general court-martial. He was sentenced on June 3 of that year to dismissal from the service, forfeiture of pay and allowances, and confinement at hard labor for three years. The sentence was approved by the convening authority, the Commanding General of the United States Army Training Center, Fort Jackson, South Carolina. An appeal was taken to the Army Board of Review, No. 2. On September 1, 1968, the Board of Review affirmed the conviction and sentence. Thereafter Levy filed a petition seeking review by the United States Court of Military Appeals. On January 6, 1969, the Court of Military Appeals denied the petition for review on the merits of the conviction and sentence.

During these proceedings involving the merits of the conviction and sentence, Levy filed a petition in the Federal District Court for the District of South Carolina seeking a writ of habeas corpus

or, in the alternative, admission to bail pending the completion of military appeals on the merits. On July 6, 1967, this petition was dismissed. It was appealed to the Fourth Circuit Court of Appeals who affirmed the dismissal and granted an order authorizing the transfer of Captain Levy from Fort Jackson to Fort Leavenworth, Kansas. *See* Levy v. Resor (D.So.Car.1967), aff'd 384 F.2d 689, cert. denied, 389 U.S. 1049, 88 S.Ct. 789, 19 L.Ed.2d 843 (1968).

At the time he initiated the district court proceedings, Levy filed a petition requesting the same relief from the Court of Military Appeals. On July 7, 1967, the Court of Military Appeals denied his petition, concluding that the provisions for bail under the Eighth Amendment of the Constitution of the United States and the Bail Bond Act did not apply to members of the military service. However, the opinion affirmed the right of the members of the military service to petition the Court of Military Appeals for a writ of habeas corpus. Levy v. Resor, 37 C.M.R. 399 (1967).

Pursuant to the order of the Fourth Circuit Court of Appeals and under the discretion reposed in the Commanding Officer pursuant to § 21(d) of the Manual for Courts-Martial, 1951,[1] Captain Levy was transferred from Fort Jackson to Fort Leavenworth.

On July 1, 1968, a petition was filed in Levy's behalf for a writ of habeas corpus with the United States District Court for the District of Kansas. This petition charged that his confinement at Fort Leavenworth constituted a de facto execution of his sentence prior to the completion of military review of his convic-

tion and sentence on the merits, above discussed.

The bases of this charge are the provisions contained in Article 71(c) U.C. M.J.[2]

The District Court for the District of Kansas held a full evidentiary hearing and concluded that Levy had not exhausted his military remedies,[3] that he was not being held in violation of any recognized right, and that his sentence to restraint at Fort Leavenworth was not a de facto execution of the conviction and sentence then being considered in appellate review. Accordingly, the petition was dismissed. This appeal presents the issues raised in the trial court.

In October of 1968 this court published its opinion in Noyd v. Bond, 402 F.2d 441 (10th Cir. 1968). That case established the requirement of exhausting all military remedies, including petitioning the Court of Military Appeals for habeas corpus, before jurisdiction of a federal district court attached. Immediately after this opinion was promulgated, Levy filed a petition in the Court of Military Appeals raising the same issues presented to the Kansas District Court. On November 27, 1968, the Court of Military Appeals denied that petition without opinion.

It will be noted from the foregoing that approximately two weeks before oral argument of this matter in this court a review of the merits of the original conviction and sentence was denied by the Court of Military Appeals. Immediately before argument the mandate came down ordering the execution of sentence.

█ The burden of the argument made by the government in this case

---

1. "Upon notification from a trial counsel of the result of a trial * * *, a commanding officer will take prompt and appropriate action with respect to the restraint of the person tried. Such action, depending on the circumstances, may involve the immediate release of the person from any restraint, or the imposition of any necessary restraint pending final action in the case."

2. "No sentence which includes, unsuspended, a dishonorable or bad-conduct dis-

charge, or confinement for one year or more, may be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals."

3. "There is no evidence, however, that petitioner has at any time invoked Article 138, U.C.M.J. (10 U.S.C. § 938) seeking redress of claimed wrongs." Levy v. Dillon, 286 F.Supp. 593, 595 (D.Kan. 1968).

is that the issue is now moot. It is contended that the mandate ordering the execution of the sentence had the effect of mooting the application for a writ of habeas corpus, because any arguable violation of Article 71(c) U.C.M.J. no longer exists. Peyton v. Rowe, 391 U.S. 54, 66, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) and Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), teach that if, at the time the habeas corpus petition is considered, justice requires relief for the applicant, a federal court possesses power to grant any form of relief necessary to satisfy the requirement of justice. We therefore conclude that the case is not moot.

Recognizing the fact that the original conviction and sentence, which had the effect of denying the liberty of the petitioner, is not being considered in this proceeding, we proceed to consider the collateral attack herein presented.

At the outset, we recognize that cruel and unusual punishment under the Eighth Amendment is not an issue here.

The limited question before us concerns itself with the order of the Fourth Circuit Court of Appeals authorizing the transfer and affirming the exercise of discretion [4] of the Commanding Officer at Fort Jackson. The issue can be further refined to whether or not the conditions of restraint established in the record are more rigorous than necessary.

Exhibits B and E contained in the record, together with the representations contained in the Motion to Transfer considered by the Fourth Circuit (Exhibit F in the record) justify the exercise of discretion accorded the military in the administration of its disciplinary affairs. The record of the evidence, including these exhibits, presented a conflict on this issue to the trial court. The court decided that the conditions imposed in restraint of Captain Levy were not more rigorous than necessary.

We are not unmindful of the fact that in the administration of military discipline, a subject may be considered obstreperous and the officers charged with administration of his particular case can overstep the allowable limits of discretion. When this occurs, a judicial question is presented. In considering the facts relating to the question of whether or not the conditions of restraint imposed in this case were more rigorous than necessary, we cannot conclude that the trial court was in error.

There is no showing of a clear abuse of discretion nor caprice on the part of the officer charged with the exercise of discretion in the administration of the military discipline.

"We have consistently adhered to the so-called 'hands off' policy in matters of prison administration according to which we have said that the basic responsibility for the control and management of penal institutions, including the discipline, treatment, and care of those confined, lies with the responsible administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice upon the part of prison officials." Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969) (opinion filed August 7, 1969).[5]

The rationale consistently adhered to in the foregoing is applicable in situations such as the one presented in this case.

If we were to assume *arguendo* that the sentence was prematurely executed, the course of events hereinabove chronicled, including the order of execution of sentence, denies the fact that the appellant has suffered a legal injury. He will not be deprived of his liberty longer

4. § 21(d) Manual for Courts-Martial, 1951, *supra*, note 1.

5. *See also* Graham v. Willingham, 384 F.2d 367 (10th Cir. 1967); Banning v. Looney, 213 F.2d 771 (10th Cir. 1954); and Brown v. State of South Carolina, 286 F.Supp. 998, 999, 1001 (D.So.Car. 1968). *But see* Edwards v. Duncan, 355 F.2d 993, 995 (4th Cir. 1966).

than the term set forth in his sentence. Art. 57(b) U.C.M.J. (10 U.S.C. § 857(b)) provides:

> "Any period of confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged by the court-martial, but periods during which the sentence to confinement is suspended shall be excluded in computing the service of the term of confinement." *See also* United States v. Johnson, 15 C.M.R. 583 (1954).

The suggestions made in appellant's brief as to possible effective relief that could be granted, admitting that restoration of liberty is not possible, would involve this court in assuming a role which it has consistently refused when the disciplinary policies of administrative prison officers have been considered. We therefore refuse to enter this uncharted field in view of the facts and circumstances disclosed by an entire review of the record in this case.

Affirmed.