Patricia L. TERZAK, Plaintiff,

v.

Major General William R. USHER, Commanding General, Headquarters, Lowry Technical Training Center, and the United States Air Force, Defendants.

Civ. A. No. 83–JM–1643.

United States District Court,
D. Colorado.

Sept. 30, 1983.

**1204**

Richard M. Borchers, Westminster, Colo., for plaintiff.

James Winchester, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN P. MOORE, District Judge.

THIS MATTER arises upon a complaint for declaratory judgment and a motion for preliminary and permanent injunction enjoining the defendant Usher from compelling plaintiff's testimony before a court-martial. Jurisdiction is founded upon 28 U.S.C. § 1331.

Plaintiff is an enlisted person in the United States Air Force, and the defendant Usher is the commanding general of the base to which plaintiff is presently assigned. As commanding officer, General Usher is alleged to be the convening authority for a general court-martial pursuant to the Code of Military Justice. 10 U.S.C. § 822. Since that assertion is not denied, I assume it to be true for the purpose of this proceeding.

In his capacity as convening authority, General Usher has issued an order to plaintiff granting her "full and complete testimonial immunity from use in a criminal prosecution with respect to [her] testimony concerning any offense committed by [her] ...." The order further provides she may be compelled to give testimony in a military tribunal. Ms. Terzak has now been ordered to testify in a pending prosecution.

Plaintiff contends the immunity granted her by General Usher under paragraph 68h, Manual for Courts-Martial, 1969 (Rev.), is invalid because it was not granted under the terms of or in accordance with the conditions of 18 U.S.C. § 6001, et seq. Because of this asserted invalidity, she maintains she is facing the dilemma of either foregoing her constitutional right against self-incrimination or refusing to testify and facing a charge of willful disobedience.

The case presents two issues. First, has the adoption of 18 U.S.C. § 6001, et seq., (pertaining to immunity of witnesses) obviated the power of a convening authority to grant immunity under paragraph 68h? Second, once given, is that grant binding upon the United States and the state of Colorado?

█ In my judgment, within the context of the system of military justice, a convening authority has power to grant immunity, and that power has not been affected by statute. The issue was squarely decided in *U.S. v. Kirsch,* 15 U.S.C.M.A. 84, 35 C.M.R. 56 (1964), and amplified in *U.S. v. Villines,* 13 M.J. 46 (C.M.A.1982). In the military, the executive authority to grant immunity from prosecution arises from the Uniform Code of Military Justice and the President's authority to prescribe rules relating to courts-martial arising therefrom. 10 U.S.C. § 836(a). Exercise of that presidential power has resulted in the promulgation of the Manual for Courts-Martial. This manual has the force of statutory law. *Levy v. Dillon,* 286 F.Supp. 593 (D.Kan.1968), aff'd, 415 F.2d 1263 (10th Cir.1969). Indeed, as interpreted by the Court of Military Appeals, the power to grant immunity conferred upon a convening authority is a parallel to the grant of immunity in the civil-

ian system. *U.S. v. Villines* (Cook, J., concurring), 13 M.J. at 57.

So postured, it is evident nothing contained in paragraph 68h is at odds with any provision of 18 U.S.C. § 6001, *et seq.* Moreover, there is nothing contained in the latter statute making its provisions exclusive to the extent an order of immunization granted under paragraph 68h would be in conflict with federal statutory law.

Plaintiff has relied upon *U.S. v. Apfelbaum,* 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980), for the proposition that the exclusive means of granting immunity is through either 18 U.S.C. §§ 6003, 6004, or 6005. Carefully read, the case does not stand for that proposition at all. Indeed, the court refers to the intent of Congress to bring about "uniformity in the operation of immunity grants" in the enactment of those sections, but the court simply did not address the issue of whether that intent or the enactment of the statute invalidated the power of the convening authority to grant immunity under the Uniform Code of Military Justice. Since the question was not before the court, we cannot assume it intended to say anything upon the subject. Moreover, we must assume when the court indicated in *Pillsbury Co. v. Conboy,* —— U.S. ——, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983), that when "certain officials in the Department of Justice" were given "exclusive authority to grant immunities," the court was not speaking beyond the context of 18 U.S.C. § 6001, *et seq.* As the court in that case had before it only a matter pertinent to the investiture of immunity under § 6002(1), it cannot be assumed the "exclusive authority" described in connection with the subject immunity was meant to be universal. In other words, the court simply stated when immunity is sought under § 6002, the exclusive authority to do the seeking is within the Department of Justice.

■ In the present case, immunity was not sought—even though it might have been—under § 6002. *See* 18 U.S.C. §§ 6002(2); 6001(1); 5 U.S.C. § 102. Thus, as to immunity granted under the Uniform Code of Military Justice and the Manual for Courts-Martial, officials of the Department of Justice are not the "exclusive authorities." Indeed, those officials have no authority whatever, as all executive power is vested in the convening authority. *U.S. v. Kirsch, supra; U.S. v. Villines, supra.*

The next question is whether the immunity granted is binding upon the federal government and the state of Colorado. I find the question must be answered affirmatively and is beyond cavil. *Murphy v. Waterfront Commissioners of New York Harbor,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964); *People v. Casselman,* 196 Colo. 304, 583 P.2d 933 (Colo.1978); *People v. Fisher,* 657 P.2d 922 (Colo.1983).

■ Since the immunity granted here was based upon a provision of the Manual for Courts-Martial, which has the "force" of statutory law, it was a valid grant. Hence, *U.S. v. D'Apice,* 664 F.2d 75 (5th Cir.1981); *In re Grand Jury Proceedings,* 626 F.2d 1051 (1st Cir.1980); and similar cases relied upon by plaintiff are inapposite. It is clear to me the immunity granted plaintiff is valid and sufficient to protect her from the use of her testimony in a manner that would violate her right protected by the fifth amendment. Accordingly, she is not entitled either to the declaratory judgment sought in her complaint or to injunctive relief. Therefore, it is

ORDERED plaintiff's motion for preliminary and permanent injunction is denied, and her complaint is dismissed, the parties to bear their own costs.